HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3M COMPANY,

               Plaintiff,

vs.

AIME LLC, MARK BACIAK, AND
MICHAEL BINGHAM,

               Defendants.

AIME LLC, MARK BACIAK, AND
MICHAEL BINGHAM,

               Third-Party Plaintiffs,

vs.

JOHN SHINAR (Individually and in
His Capacity as Agent of 3M
COMPANY),

               Third-Party Defendant

CASE NO. 2:20-cv-01096-RAJ

**AIME'S AMENDED MOTION
FOR AN ORDER OVERRULING
3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE
TO AIME'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -1

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

## I.  **RELIEF REQUESTED**

Defendants AIME LLC, Mark Baciak, and Michael Bingham (hereinafter, "AIME"), hereby file their Motion for an Order overruling 3M's objections to AIME's First Request for Production of Documents and compelling 3M to produce documents in response, as set forth in more detail below.

## II.  **INTRODUCTORY STATEMENT**

3M filed this lawsuit against AIME after it discovered AIME was competing with 3M for the business of one of its customers known as Providence Medical. 3M's Initial Disclosures reveal that the sole basis for its lawsuit against AIME was a single instance of AIME attempting to broker genuine 3M 1860 respirators to Providence. A licensed attorney had sworn out an affidavit attesting to the existence and availability of such masks. Upon learning of AIME's talks with Providence, 3M told AIME that such a quantity of masks did not exist. 3M claims AIME was trying to broker 500 million masks, when in fact the number was only 1 million masks.

When 3M sought the identity of the seller, AIME disclosed that information. Twice, AIME offered to "work with 3M" to "quickly resolve this matter" and sought to work directly with 3M to provide further information about the seller in question. 3M never followed up with AIME. Instead, 3M filed a 60-page lawsuit accusing AIME of engaging in, *inter alia*, counterfeiting, price gouging, and profiteering. 3M's suit called AIME's principals "bad actors," "opportunists, and claimed they were "perpetrating a false and deceptive scheme on unwitting customers." The suit implied AIME's principals were criminals. AIME reacted by filing a Counterclaim for malicious prosecution, among other claims. AIME's Counterclaim asserts that this and many other "cookie-cutter" suits filed by 3M around the nation against small business owners was simply part of 3M's damage control campaign after its own reputation had been sullied when the president of the United Stated had invoked the Defense Production Act against 3M and accused it of being unpatriotic.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -2

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

AIME's Counterclaim makes extensive allegations tending to show that 3M executives and insiders are selling mass quantities of PPE outside normal distribution channels at market prices well above list price to personally enrich themselves. It further alleges 3M is selling to non-U.S. based entities to maximize its profit, when it could be selling to the U.S. market during a pandemic. AIME claims 3M significantly understated its global production capacity to misled the American public into thinking it was doing its best, when in fact, its overseas production greatly exceeds 3M's asserted capacity.

### III.     DISPUTED OBJECTION TO AIME'S DISCOVERY REQUESTS

AIME's First Request for Production of Documents seeks 82 categories of documents, all tailored to obtain documents relating to allegations made by AIME in its Counter-Complaint or by 3M in its Complaint. 3M's Responses were served on January 14, 2021 without producing a single document. For over a year, 3M still has produced no documents in response to AIME's First Request for Production, apparently based in part on the following reasoning:

> Currently, a motion to dismiss Defendants' counterclaims is pending with this Court. 3M asserts that none of Defendants' counterclaims are viable. Based on recent communications, it appears that Defendants intend to further amend their counterclaims. 3M will not produce documents related to counterclaims that are likely to be dismissed or change because doing so would be costly and would be a waste of resources and therefore disproportionate to the needs of the litigation.

### IV.     AIME'S REQUESTS, 3M'S RESPONSES, AND AIME'S ARGUMENTS

Those Requests for which AIME seeks to overrule 3M's objections and to compel the production of responsive documents are set forth below, along with 3M's Response and AIME's respective Motion to Compel.

**REQUEST NO. 1**. All documents Plaintiff relied upon in making the decision to file this lawsuit.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -3

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1   client privileged or work-product privileged material. Without waiving any objections,

2   3M relied on the customers' complaints and related documents provided in with its

3   initial disclosures. 3M also relied on AIME's website, but 3M does not possess copies

    of the original website screen shots.

4   **MOTION TO COMPEL**: AIME has sued in part for malicious prosecution,

5   **claiming 3M's lawsuit lacked probable cause to accuse the Counterclaim Plaintiffs of being**
    **"bad actors" engaged in "unlawful actions", and to claim they were "perpetrating a false**

6   **and deceptive scheme on unwitting customers." Counterclaim Plaintiffs seek to establish a**
    **lack of probable cause to be sued for "fraud", "counterfeiting", and "price gouging." 3M**

7   **produced no documents whatsoever in response to this Request, instead alluding to certain**
    **documents "provided in with its initial disclosures."**

8
    **"[I]t is not an appropriate response to a request for production of documents to state that**
9   **the documents were previously produced. The responding party must provide specific**
    **identification of the documents corresponding to the specific request." Sundance Image**
10  **Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

11
    **By making a blanket assertion of attorney client privileged communications and attorney**
12  **work product without producing a privilege log, the Counterclaim Defendant has violated**
    **Rule 26(b)(5), Federal Rules of Civil Procedure. "[A privilege log] would have enabled the**
13  **plaintiff to assess the applicability of any asserted privileges. See, *Heath v. F/V ZOLOTOI*,**
    **221 F.R.D. 545, 552 (W.D. Wash. 2004). "[I]t is not an appropriate response to a request for**
14  **production of documents to state that the documents were previously produced. The**
    **responding party must provide specific identification of the documents corresponding to**
15  **the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd*., No. WL**
    **8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**
16

17

18  **REQUEST NO. 2.** All documents relating to any of the Defendants that were in

19  Plaintiff's possession, custody or control as of the date Plaintiff filed this lawsuit.

20  **RESPONSE**: 3M objects to this request to the extent that it seeks either

21  attorney-client privileged or work-product privileged material. Without waiving

22  any objections, 3M relied on the customers' complaints provided in with its initial

23  disclosures. Additionally, 3M will perform a targeted, reasonable search of its

24  electronic files for additional material once a protective order is entered.

25  **MOTION TO COMPEL**: AIME has sued in part for malicious prosecution, claiming 3M's

26

lawsuit lacked probable cause. Having copies of the documents relating to any of the Defendants that were in Plaintiff's possession, custody or control as of the date Plaintiff filed this lawsuit is essential to demonstrating lack of probable cause and is calculated to lead to the discovery of admissible evidence.

By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.

"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd*., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

3M asserts that "3M will perform a targeted, reasonable search of its electronic files for additional material once a protective order is entered." Besides having not filed a Motion for Protective Order, this response belies 3M's suggestion that the requested documents are in any way privileged.

> **REQUEST NO. 5.** Any and all documents supporting Plaintiff's allegation in paragraph 2 of the Complaint that "Defendants seek to benefit from 3M's good reputation to dupe unsuspecting individuals and healthcare entities to pay money for 3M's N95 respirators."
>
> **RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL**: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.

"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

> **REQUEST NO. 6.** Any and all documents supporting Plaintiff's allegation in

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -5

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

Paragraph 2 of the Complaint that "Defendants' motivation is to profiteer from our national crisis."

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. 3M also objects to the extent that the documents at issue are in the possession or control of third parties, including but not limited to governmental entities. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, **No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

      **REQUEST NO. 7.** Any and all documents supporting Plaintiff's allegation in Paragraph 2 of the Complaint that "Defendants have repeatedly claimed false affiliations with 3M."

      **RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. 3M also objects to the extent that the document at issue are in the possession or control of third parties, including but not limited to governmental entities. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -6

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1  **communications and attorney work product without producing a privilege log, the**
   **Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

2

3  **"[I]t is not an appropriate response to a request for production of documents to state that**
   **the documents were previously produced. The responding party must provide specific**

4  **identification of the documents corresponding to the specific request." Sundance Image**
   **Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

5

6       **REQUEST NO. 8**. Any and all documents that constitute "reports" as that term is

7       used in Paragraph 3 of the Complaint.

8       **RESPONSE: 3M** objects to this request to the extent that it seeks either

       attorney-client privileged or work-product privileged material. 3M also objects to
9
       the extent that the documents at issue are in the possession or control of third
10
       parties, including but not limited to governmental entities. Without waiving any
11
       objections, see documents included with the initial disclosures. Discovery is
12
       ongoing. Additional material will be provided when available.
13

14  **MOTION TO COMPEL: By making a blanket assertion of attorney client privileged**
   **communications and attorney work product without producing a privilege log, the**

15  **Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

16  **"[I]t is not an appropriate response to a request for production of documents to state that**
   **the documents were previously produced. The responding party must provide specific**

17  **identification of the documents corresponding to the specific request."** *Sundance Image*
   *Tech., Inc. v. Cone Editions Press, Ltd.*, **No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

18

19       **REQUEST NO. 9.** Any and all documents reflecting customers that became

20       confused, expressed concern or contacted 3M as alleged in paragraph 4 of the

21       Complaint.

22       **RESPONSE: 3M** objects to this request to the extent that it seeks either

       attorney-client privileged or work-product privileged material. 3M also objects to
23
       the extent that the documents at issue are in the possession or control of third
24
       parties, including but not limited to governmental entities. Without waiving any
25
       objections, see documents included with the initial disclosures. Discovery is

26
AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -7

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1  ongoing. Additional material will be provided when available.

2

3  **MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

4

5  **"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

6

7

8  **REQUEST NO. 10.** Any all documents concerning the investigation by 3M as

9  alleged in paragraph 4 of the Complaint.

10  **RESPONSE:** 3M objects to this request to the extent that it seeks either

11  attorney-client privileged or work-product privileged material. Without waiving

any objections, see documents included with the initial disclosures. Discovery is

12  ongoing. Additional material will be provided when available.

13

14  **MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

15

16  **"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

17

18

19

20  **REQUEST NO. 11.** Any and all documents concerning the marketing with a

direct access and close relationship with 3M as alleged in paragraph 5 of the

21  Complaint.

22  **RESPONSE:** 3M objects to this request to the extent that it seeks either

23  attorney-client privileged or work-product privileged material. 3M also objects

24  to this request as the phrase "concerning the marketing with a direct access and

close relationship with 3M" is unclear in the context of the request. Without

25  waiving any objections, see documents included with the initial disclosures.

26

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -8

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

> **REQUEST NO. 13.** Any and all documents reflecting that "Defendants have sought millions of dollars of payments from their potential victims" as alleged in paragraph 5 of the Complaint.
>
> **RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

> **REQUEST NO. 14.** Any and all documents reflecting the "misleading paperwork that misrepresented **the** purchase process" as alleged in paragraph 5 of the Complaint.
>
> **RESPONSE: 3M** objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -9

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.***, No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

> **REQUEST NO. 15.** Any and all documents that evidence that any Defendants "falsely claimed 3M was involved in the transaction" as alleged in paragraph 5 of the Complaint.
>
> **RESPONSE: 3M** objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.***, No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

> **REQUEST NO. 16.** Any and all documents concerning "the transaction" as defined in Paragraph 5 of the Complaint.
>
> **RESPONSE: 3M** objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -10

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

**REQUEST NO. 17.** Any all documents concerning or evidencing "when 3M approached Defendants **regarding** its concerns" as alleged in paragraph 5 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or **work**-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

**REQUEST NO. 18.** Any and all documents concerning or evidencing "Defendants brazenly reiterated their false claims to 3M employees" as alleged in paragraph 5 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or **work**-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -11

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1   **communications and attorney work product without producing a privilege log, the**
    **Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

2
3   **"[I]t is not an appropriate response to a request for production of documents to state that**
    **the documents were previously produced. The responding party must provide specific**
    **identification of the documents corresponding to the specific request."** *Sundance Image*
4   *Tech., Inc. v. Cone Editions Press, Ltd*., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

5
6       **REQUEST NO. 19.** Any and all documents concerning or evidencing
        Defendants "continued to make false representations" as alleged in paragraph 5 of
7       the Complaint.
8       **RESPONSE:** 3M objects to this request to the extent that it seeks either
9       attorney-client privileged or work-product privileged material. Without waiving
10      any objections, see documents included with the initial disclosures. Discovery is
11      ongoing. Additional material will be provided when available.

12
13  **MOTION TO COMPEL: By making a blanket assertion of attorney client privileged**
    **communications and attorney work product without producing a privilege log, the**
14  **Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

15  **"[I]t is not an appropriate response to a request for production of documents to state that**
    **the documents were previously produced. The responding party must provide specific**
16  **identification of the documents corresponding to the specific request."** *Sundance Image*
    *Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).
17

18      **REQUEST NO. 20.** Any and all documents concerning or evidencing that
19      "Defendants have illegally used 3M's trademarks in violation of the Lanham
20      Act in order to enrich themselves" as alleged in paragraph 7 of the Complaint.
21      **RESPONSE:** 3M objects to this request to the extent that it seeks either
        attorney-client privileged or work-product privileged material. Without waiving
22      any objections, see documents included with the initial disclosures. Discovery is
23      ongoing. Additional material will be provided when available.
24

25  **MOTION TO COMPEL: By making a blanket assertion of attorney client privileged**
26  **communications and attorney work product without producing a privilege log, the**

**Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).

**REQUEST NO. 22.** Any and all documents which evidence price gouging as alleged in Paragraph 8 of the Complaint.

**RESPONSE**: 3M objects to this request to the extent that it seeks either attorney-client privileged or **work**-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).

**REQUEST NO. 23.** Any and all documents evidencing 3M's global production rate of 3M- brand respirators as alleged in paragraph 10 of the Complaint.

**RESPONSE**: 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M's N95 production is well-publicized and documents reflecting that production have been provided in this case. In fact, AIME notes it on its website: https://www.aimeusa.com/legal/legal. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents related to the production rate of its N95 respirators. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -13

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1   provision.

2

3   **MOTION TO COMPEL: In its Counterclaim, AIME alleges that one of its mutual customers, Boston Pharm ("BP") has also witnessed multiple respirator offers from 3M insiders that, when totaled, far exceed the stated global capacity 3M advertises on its website, in its press releases, and in its lawsuit. AIME alleges 3M is not being forthright with the public about its production capacity. Counterclaim, para. 33. AIME further alleges that 3M has motives to understate its production capacity. Counterclaim, para. 34. For one, it gets the President off their back, thereby avoiding further negative press. It also keeps prices for its masks higher by creating the false impression of scarcity for its product. It also allows 3M to allocate fewer masks to the American market, thereby maximizing profits dealing in more lucrative overseas markets.**

4

5

6

7

8

9   **As such, this request is tailored to seek documents within the scope of AIME's pleadings, and is likely to lead to the discovery of admissible evidence. 3M tacitly admits this fact when it states: "Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents related to the production rate of its N95 respirators…". AIME would suggest that 3M's obligation is to produce the requested documents rather than offer to enter into settlement negotiations concerning the extent of its production.**

10

11

12

13   **REQUEST NO. 24.** Any and all documents evidencing 3M's U.S. rate of

14   production of respirators by state and/or nationally from January 2020 to present.

15   **RESPONSE:** 3M objects to this request as overly broad, unduly

16   burdensome,  and disproportionate to the needs of the case. 3M also objects to

17   this request as it appears to seek confidential, proprietary information, which

18   will not be produced without a protective order. Notwithstanding the objections,

19   3M is willing to confer on a reasonable scope of documents. 3M will not produce

20   its confidential documents in the absence of a protective order with a Highly

21   Confidential/Attorneys' eyes only provision.

22   **MOTION TO COMPEL: See Motion to Compel pertaining to REQUEST NO. 23 above.**

23

24   **REQUEST NO. 25**. Any and all documents  forecasting 3M's rate of

25   production  of respirators globally and/or nationally from present to December

    2021.

26   AIME'S AMENDED MOTION FOR AN ORDER          LAW OFFICE OF RICHARD D. ROSS
    OVERRULING 3M'S OBJECTIONS AND               2737 37TH AVE SW
    COMPELLING 3M'S RESPONSE TO AIME'S FIRST     SEATTLE, WA 98126
    REQUEST FOR PRODUCTION OF DOCUMENTS          T: 206.660.0512
    Case No.: 2:20-cv-01096-RAJ -14

**RESPONSE: 3M** objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M also objects to this request as it appears to seek confidential, proprietary information, which will not be produced without a protective order. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See Motion to Compel pertaining to REQUEST NO. 23 above.**

**REQUEST NO. 26.** Any and all documents reflecting 3M's investment of capital/resources or projections of investment by 3M from 2020 to December 2021.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. See also 3M's annual reports:

https://investors.3m.com/financials/annual-reports-and-proxy-statements/default.aspx.

**MOTION TO COMPEL: See Motion to Compel pertaining to REQUEST NO. 23 above.**

**REQUEST NO. 29**. Any and all documents evidencing "the prices that it charges for 3M respirators" from January 2019 to present as alleged in paragraph 11 of the Complaint.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. See also

https://multimedia.3m.com/mws/media/1862179O/get-the-facts-n95-respirator-pricing.pdf.

**MOTION TO COMPEL: 3M's lawsuit calls the Counterclaim Plaintiffs,** *inter alia*, **"price gougers" and "profiteers." AIME's Counterclaim essentially alleges 3M itself was selling respirators at prices far exceeding those quoted in its lawsuit. AIME claims that "3M is well-aware that its products are available on the secondary market at prices much higher than those list prices that 3M only began publishing on its website after being enjoined by the April 12, 2020 DPA Presidential Order." Counterclaim, para. 90. AIME claims that**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -15

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

"since the demand for respirators of any origin has grown exponentially in response to the pandemic, 3M has been committed to seeking to maintain its monopoly and still meet this demand for its own selfish profit motives. 3M is not trying to keep its respirators priced fairly. 3M only began publishing its prices after being forced to do so. 3M is well-aware that its respirators are routinely traded on the secondary market much like commodities, and that these prices far exceed those quoted in its lawsuit. If 3M truly wanted to be fair to the citizens of the U.S., it would have funneled a much larger share of its world respirator output to the U.S., rather than waiting for the President to invoke the DPA and forcing it to do so. Counterclaim, para. 91.

AIME claims that "On information and belief, 3M is able to get away with understating its production capacity because a significant portion of 3M's respirator production is being sold "out the back door" of its overseas facilities, outside its normal channels, with 3M executives and insiders reaping huge personal rewards." Counterclaim, para. 35.

As such, this request seeking "the prices that 3M charges for 3M respirators" is tailored to seek documents within the scope of AIME's pleadings and is likely to lead to the discovery of admissible evidence.

> REQUEST NO. 30. Any and all documents evidencing "bad actors" as alleged in paragraph 12 of the Complaint.
>
> RESPONSE: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.

"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

> REQUEST NO. 32. Any and all documents of the information 3M has provided relating to the instant case to federal and state authorities as alleged in paragraph 13 of the Complaint.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -16

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1
2
3
4
5

**RESPONSE:** 3M **objects** to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M is willing to confer on an appropriate scope of this request. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

6
7
8
9
10

**MOTION TO COMPEL: 3M's lawsuit alleges it is "working with law enforcement authorities around the world, including the Department of Justice, state Attorneys General, the Federal Bureau of Investigation, the U.S. Attorney General, and local authorities to combat price-gouging and other unlawful activities." Complaint, para. 13. AIME did in fact receive a subpoena from the Department of Justice at or about the same time 3M sued AIME.**

11
12

**This request seeks documents that were provided to law enforcement, which are likely to include statements by 3M describing 3M's characterization of AIME's conduct. Thus, the Request seeks potential admissions of a party opponent, which constitutes fertile discovery grounds.**

13
14

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

15
16
17

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

18
19
20
21

**REQUEST NO. 34. Any** and all documents reflecting that Each Defendant has also "committed and intentionally directed tortious acts toward residents in the District" as alleged in paragraph 27 of the Complaint.

22
23
24
25

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-**product** privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

26

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -17

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, **No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

REQUEST NO. 35. Any and all documents reflecting instances where 3M is providing N95 respirators to heroic **individuals** on the front lines of the battle of Covid 19 as alleged in paragraph 41 of the Complaint.

RESPONSE: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M is willing to confer on an appropriate scope of this request. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure. By stating that "3M is willing to confer on an appropriate scope of this request," 3M tacitly admits at least some documents are due to be produced. AIME would suggest that 3M's obligation is to produce the requested documents rather than offer to enter into settlement negotiations concerning the extent of its production.**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, **No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

REQUEST NO. 36. **Any** and all documentation reflecting instances where 3M

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -18

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

sold an N-95 respirator at price different than the list price as alleged in paragraph 46 a. of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Moreover, the list prices noted are suggested **prices** to end customers. 3M's prices to its authorized distributors are lower than these list prices and depend on the distributor. Further, an end customer's actual prices may be lower than these list prices, as negotiated between the end customer and its chosen distributor.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**In addition, 3M doubles down by suggesting that prices to its distributors and end customer are actually lower than its list prices. On its Motion to Compel directed to REQUEST NO. 29, AIME explains that 3M was actually selling its respirators at prices much higher than its list prices. As such, this request seeking "instances where 3M sold an N-95 respirator at a price different than the list price as alleged in paragraph 46 a. of the Complaint" is tailored to seek documents within the scope of AIME's pleadings, and is likely to lead to the discovery of admissible evidence.**

**REQUEST NO. 37. Any** and all documentation evidencing the allegations in Paragraph 56 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M is willing to confer on an appropriate scope of **this** request. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: Paragraph 56 of 3M's Complaint alleges that "Facing increasing**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -19

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

demand, by February 5, 2020, 3M confirmed and reiterated its policy to sell its N95 respirators to its authorized distributors only."Counterclaim Plaintiffs have not seen any such confirmation or reiteration of its referenced policy. Based on the pricing issues being squarely raised in the pleadings, this Request is tailored to seek documents within the scope of AIME's pleadings, and is likely to lead to the discovery of admissible evidence.

By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.

"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd*., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

REQUEST NO. 38. Any and all documentation evidencing the allegation in Paragraph 58 "Defendants began to inform customers that they had access to more than 500 million units."

RESPONSE: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-**product** privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.

"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).

REQUEST NO. 39. Any and all documents evidencing the allegation in paragraph 59 that "Defendants sent emails to **potential** customers" including but not limited to such emails as alleged.

RESPONSE: 3M **objects** to this request to the extent that it seeks either

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -20

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**REQUEST NO. 40**. Any and all documentation evidencing the allegations in Paragraph 60 of the Complaint.

**RESPONSE**: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: Paragraph 60 of the Complaint alleges that "[i]n late May, 3M learned that Defendants offered similar terms to other potential customers, but had increased their price per unit to $3.00. Defendants have also offered the product to other customers for $6.95 per unit, vastly above the list price." These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd*., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 41**. Any and documentation of the list price for N95

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -21

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

Model 1860`respirators for the last two years to present.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. See also https://multimedia.3m.com/mws/media/1862179O/get-the-facts-n95-respirator-pricing.pdf.

**MOTION TO COMPEL: 3M claims it publishes list prices on its website, but AIME has questioned when that practice began in relation to the time of its lawsuit against AIME. AIME also questions when 3M began publishing list prices in relation to the following allegation made by AIME: "3M was called-out publicly by the U.S. President for placing profits over patriotism during the global pandemic. On April 2, 2020, the President invoked the Defense Production Act against 3M, forcing it to re-route its sales of a portion of its respirators to American healthcare workers, and away from 3M's more lucrative markets."**

**Because the timing of 3M's practice of publishing its list prices is an issue being squarely raised in the pleadings, this Request is tailored to seek documents within the scope of AIME's pleadings, and is likely to lead to the discovery of admissible evidence.**

**REQUEST NO. 42.** Any all documentation of the allegations in Paragraph 62 of the Complaint including but not limited to a copy of the emails alleged.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL**: **Paragraph 62 of 3M's Complaint alleges "Defendants attached 3M product description materials to some of their emails to their potential customers." These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, **No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -22

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1

2

work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.

3

**REQUEST NO. 43.** Any and all documents of the allegations in Paragraph 63 of the Complaint.

4

5

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

6

7

8

**MOTION TO COMPEL: Paragraph 63 of 3M's Complaint accuses AIME, "on information and belief" of making "outright lies" the "their potential victims." These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

9

10

11

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.***, No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

12

13

14

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

15

16

17

**REQUEST NO. 44**. Any and all documents of the allegations in Paragraph 64 of the Complaint.

18

19

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

20

21

22

23

**MOTION TO COMPEL: Paragraph 64 of the Complaint alleges "Defendants demanded a 100%, non-refundable prepayment to AIME…".  These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

24

25

26

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -23

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1

2

3

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

4

5

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

6

7

**REQUEST NO. 45.** Any and all documents of the allegations in Paragraph 65 of the Complaint

8

9

10

11

12

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

13

14

15

**MOTION TO COMPEL: Paragraph 65 of the Complaint alleges "Defendants' description of the 3M sales process is entirely inaccurate." These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

16

17

18

**By stating that "3M is willing to confer on a reasonable scope of documents," 3M tacitly admits at least some documents are due to be produced. AIME would suggest that 3M's obligation is to produce the requested documents rather than offer to enter into settlement negotiations concerning the extent of its production.**

19

20

21

**REQUEST NO. 47.** Any and all documents evidencing the allegations of Paragraph 68 of the Complaint "When 3M contacted Defendants about their offers and expressed concerns."

22

23

24

25

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

26

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -24

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

> **REQUEST NO. 48**. Any and all documents evidencing the allegations in
>
> paragraph 70 of the Complaint.
>
> **RESPONSE:** 3M objects to this request to the extent that it seeks either
>
> attorney-client privileged or work-product privileged material. Without waiving
>
> any objections, see documents included with the initial disclosures. Discovery is
>
> ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: Paragraph 70 of the Complaint alleges AIME intended to "confuse and deceive their potential customers into believing that Defendants are authorized distributors of Plaintiffs products and had an existing relationship with 3M." These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

> **REQUEST NO. 50**. Any and all documents evidencing the allegations in
>
> paragraph 72 of the Complaint that "Defendants have engaged in and continue to
>
> engage in price gouging of 3M respirators by marketing and selling 3M N95
>
> respirators for exorbitant prices, while falsely claiming an affiliation and business

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -25

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

relationship with 3M" including but not limited to any and all documents evidencing the definition of price gouging as alleged.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

REQUEST NO. 51. Any and all documents, including but not limited to any financial documents, causing irreparable harm as alleged in paragraph 73 and 74 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request."** Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).
**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

AIME'S AMENDED MOTION FOR AN ORDER OVERRULING 3M'S OBJECTIONS AND COMPELLING 3M'S RESPONSE TO AIME'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -26

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**REQUEST NO. 52.** Any and all documents evidencing attempts by any Defendant to purchase, sell or re-sell anything other than genuine 3M products as alleged in Paragraph 76 of the Complaint.

**RESPONSE**: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 53**. Any and all documents that contain "Defendants' use of Plaintiff's famous 3M Trademarks and/or name to advertise, market, offer for sale, and/or sell purported 3M brand 95 respirators to consumers at exorbitant prices" as alleged in paragraph 80 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available. See also https://www.aimeusa.com/legal/legal.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at *5 (S.D. Cal. Aug. 19, 2005).**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -27

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

REQUEST NO. 54. Any and all documents evidencing dilution of Plaintiff's marks and/or reputation or likely dilution of Plaintiff's marks and or reputation as alleged in Paragraphs 87, 88 and 89 of the Complaint, including but not limited to any financial documentation.

RESPONSE: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available. See also https://www.aimeusa.com/legal/legal.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

REQUEST NO. 55 Any and all documents evidencing the irreparable harm alleged in Paragraphs 90 and 100 of the Complaint.

RESPONSE: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -28

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**must provide specific identification of the documents corresponding to the specific request.**" *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.,* No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

> REQUEST NO. 57. Any and all documents evidencing that the Defendants knowingly misrepresented the amount of product they could procure and the method for procuring the product to their potential customers as alleged in Paragraph 107 of the Complaint.
>
> **RESPONSE: 3M** objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

**MOTION TO COMPEL:** "**[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request.**" *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.,* No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

> REQUEST NO. 58. Any and all documents evidencing that the Defendants actions were intended to deceive Defendants' potential customers as alleged in Paragraph 108 of the Complaint.
>
> **RESPONSE: 3M** objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -29

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

> **REQUEST NO. 59.** Any and all documents that evidence that the Defendants actions are immoral and unlawful under Washington law as alleged in paragraph 109.
>
> **RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

**MOTION TO COMPEL: Paragraph 109 of the Complaint alleges: "Defendants increased the price of 3M N95 respirators by attempting to resell the product at a markup of between 1.6 and 3.9 times 3M's list price… [which] is immoral and unlawful under Washington law." In truth, the State of Washington has no price gouging law. These are very specific allegations against AIME and Counterclaim Plaintiffs are entitled to the documents upon which the allegations are based.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -30

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1

2   **REQUEST NO. 60.** Any and all documents, including but not limited to

3   financial documents, that Defendants actions have harmed the public interest or

4   will continue to harm the public interest as alleged in paragraphs 110 and 111 of

5   the Complaint.

6   **RESPONSE:** 3M objects to this request to the extent that it seeks either
    attorney-client privileged or work-product privileged material. Without waiving

7   any objections, see documents included with the initial disclosures. Discovery is

8   ongoing. This information is uniquely in the possession of Defendants. Additional

9   material will be provided when available.

10  **MOTION TO COMPEL:** "[I]t is not an appropriate response to a request for production
    of documents to state that the documents were previously produced. The responding party

11  must provide specific identification of the documents corresponding to the specific

12  request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5

13  (S.D. Cal. Aug. 19, 2005).

14  **By making a blanket assertion of attorney client privileged communications and attorney
    work product without producing a privilege log, the Counterclaim Defendant has violated**

15  **Rule 26(b)(5), Federal Rules of Civil Procedure.**

16

17  **REQUEST NO. 61**. Any and all documents evidencing the irreparable harm

18  alleged in paragraph 112 of the Complaint.

19  **RESPONSE:** 3M objects to this request to the extent that it seeks either
    attorney-client privileged or work-product privileged material. Without waiving

20  any objections, see documents included with the initial disclosures. Discovery is

21  ongoing. This information is uniquely in the possession of Defendants. Additional

22  material will be provided when available.

23

24  **MOTION TO COMPEL:** "[I]t is not an appropriate response to a request for production
    of documents to state that the documents were previously produced. The responding party

25  must provide specific identification of the documents corresponding to the specific

26  request." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. WL 8173278, at *5

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -31

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

(S.D. Cal. Aug. 19, 2005).

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 62.** Any and all documents evidencing the damages alleged in paragraph 113 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 63**. Any and all documents evidencing "Defendants, acting in concert with each other, and with intent to commit civil conspiracy, schemed to misappropriate 3M's Trademarks and good reputation in order to injure 3M's business and gain and unfair advantage in the marketplace" as alleged in paragraph 115 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -32

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 64**. Any and all documents of an unlawful or overt act by the Defendants and/or each Defendant as alleged in paragraph 116 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 65.** Any and all documents evidencing "Defendants conspired to engage in behavior" in violation of laws and passing off as alleged in paragraph 116 of the Complaint

**RESPONSE**: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -33

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

ongoing. This information is uniquely in the possession of Defendants. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 66.** Any and all documents evidencing the irreparable harm alleged paragraphs 117 and 118 of the Complaint.

**RESPONSE**: 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

**REQUEST NO. 67.** Any and all documents evidencing the damages alleged in paragraph 120 of the Complaint.

**RESPONSE:** 3M objects to this request to the extent that it seeks either attorney-client privileged or work-product privileged material. Without waiving any objections, see documents included with the initial disclosures. Discovery is ongoing. Additional material will be provided when available.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -34

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: "[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated Rule 26(b)(5), Federal Rules of Civil Procedure.**

> **REQUEST NO. 68.** Any and all documents by and/or between any of the
> following: Providence Medical Group, Cole Ercanbarck, Vizient, John Shinar
> and/or Med Line.
>
> **RESPONSE:** 3M objects to this request as overly broad, unduly
> burdensome,  and disproportionate to the needs of the case. Specifically, Med
> Line is neither a party to this case nor involved in it in anyway—any production
> of Med Line materials would only lead to the production of irrelevant
> documents. 3M has already produced the documents relevant to this case with
> its initial disclosures. Notwithstanding the objections, 3M is willing to confer
> on a reasonable scope of documents. 3M will not produce its confidential
> documents in the absence of a protective order with a Highly
> Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: In this Request, AIMI identifies witnesses with personal knowledge of the event in question. 3M tacitly admits the documents in this Request are discoverable by stating that "Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents.**

**"[I]t is not an appropriate response to a request for production of documents to state that the documents were previously produced. The responding party must provide specific identification of the documents corresponding to the specific request." Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. WL 8173278, at \*5 (S.D. Cal. Aug. 19, 2005).**

**By making a blanket assertion of attorney client privileged communications and attorney work product without producing a privilege log, the Counterclaim Defendant has violated**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -35

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

Rule 26(b)(5), Federal Rules of Civil Procedure.

**REQUEST NO. 69.** Any and all documents evidencing the 3M official processes or policies for the following: 3M, 3M Global, 3M Global Distributors, 3M Resellers, and/or 3M Private Sellers.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome,   and disproportionate to the needs of the case. 3M also objects as some of this material is confidential and proprietary and will not be produced without a protective order. Additionally, 3M Global, 3M's distributors, Resellers, and Private Sellers are not 3M entities and are, in fact, all unrelated, non-parties. Therefore, 3M does not have possession or control over documents in their possession. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: 3M tacitly admits the documents in this Request are discoverable by stating that "Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. AIME would suggest that 3M's obligation is to produce the requested documents rather than offer to enter into settlement negotiations concerning the extent of its production.**

**REQUEST NO. 70.** Any and all documents evidencing transactional history by distributor, reseller, and private seller for 3M and/or 3M Global.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome,   and disproportionate to the needs of the case. 3M also objects as some of this material is confidential and proprietary and will not be produced without a protective order. Additionally, 3M Global is not a 3M entity. Therefore, 3M does not have possession or control over documents in their possession. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -36

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: 3M tacitly admits the documents in this Request are discoverable by stating that "Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. AIME would suggest that 3M's obligation is to produce the requested documents rather than offer to enter into settlement negotiations concerning the extent of its production.**

**This request seeking "the transactional history by distributor, reseller, and private seller" is calculated to discover the prices that 3M charges for its respirators, and is therefore tailored to seek documents within the scope of AIME's pleadings, and is likely to lead to the discovery of admissible evidence.**

**REQUEST NO. 71.** All documents evidencing any transactions for the last 24 months between Plaintiff and Vizient, Providence Medical Group, and/or Medline.

**RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. Specifically, Med Line is neither a party to this case nor involved in it in anyway—any production of Med Line materials would only lead to the production of irrelevant documents. 3M also objects as some of this material is confidential and proprietary and will not be produced without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: Vizient, Providence Medical Group, and/or Medline were either customers or potential customers of AIME. Once this lawsuit was filed, AIME was shunned by these three companies.  Counterclaim Plaintiffs allege, inter alia, that "This lawsuit against AIME is an extension of 3M's publicity campaign. This lawsuit was filed for the ulterior purpose of driving out competition in the U.S. mask market, by threatening and attempting to quash non-3M insiders who are getting rich making side deals for 3M masks." Counterclaim, para. 19. This request seeks "transactions for the last 24 months between 3M and specific customers or potential customers of AIME. Plaintiff's transactional history by distributor, reseller, and private seller" is calculated to discover the potential sales that were diverted from AIME to 3M as a result of the lawsuit, which is relevant to the malicious prosecution claim. It is therefore tailored to seek documents**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -37

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1   within the scope of AIME's pleadings, and is likely to lead to the discovery of admissible
evidence.

2

3   **REQUEST NO. 74.** Any and all documents evidencing Plaintiff's cost of

4   manufacturing its N95 masks per production output, including but not limited to,

5   variable and fixed costs, material costs, and any other costs of production.

6   **RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly
burdensome, and disproportionate to the needs of the case. 3M also objects as

7   this request seeks confidential information, which 3M will not provide without

8   a protective order. Further, this overbroad request lacks any relevance to the

9   claims and defenses at issue, as 3M's manufacturing costs have no bearing on

10   Defendants' fraudulent actions, 3M's interaction with Defendants, or

11   Defendants' own manufacturing capacity.

12   **MOTION TO COMPEL: 3M's manufacturing costs are likely to lead to the discovery of
admissible evidence relating the 3M's definition of "price gouging" and "profiteering" as**

13   **those terms are employed in the lawsuit against AIME.**

14

15   **REQUEST NO. 75.** Any and all documents revealing each of Plaintiff's

16   manufacturing facilities in existence over the past two years where its 3M

17   brand N95 respirators have been manufactured.

   **RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly

18   burdensome, and disproportionate to the needs of the case. 3M also objects as

19   this request seeks confidential information, which 3M will not provide

20   without a protective order. Notwithstanding the objections, 3M is willing to

21   confer on a reasonable scope of documents. 3M will not produce its confidential

22   documents in the absence of a protective order with a Highly

23   Confidential/Attorneys' eyes only provision.

24

25   **MOTION TO COMPEL: AIME has alleged "As it turns out, 3M's representations were
only half-truths. 3M grossly understated both its existing and future respirator production**

26   **capacity, a maneuver calculated to protect its more profitable foreign markets for these**

products. 3M deceptively told its audience it would not raise its retail prices, when in fact, 3M does not sell its respirators on the retail market and does not limit the prices at which its authorized distributors can sell respirators. Indeed, 3M turned a blind eye to its own distributors, executives, and other insiders who were profiting from 3M's scarcity tactic, which in turn was propagated by 3M's understated production capacity." Complaint, para. 40.

Documents revealing each of 3M's manufacturing facilities in existence over the past two years where its 3M brand N95 respirators have been manufactured are likely to lead to the discovery of admissible evidence relating the 3M's global production capacity.

3M tacitly admits the relevance of this request by stating "Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents." AIME would suggest that 3M's obligation is to produce the requested documents rather than offer to enter into settlement negotiations concerning the extent of its production.

**REQUEST NO. 76**. Any and all documents evidencing the number of 3M brand N95 respirators manufactured at each facility for the last two years.

**RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M also objects as this request seeks confidential information, which 3M will not provide without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

**REQUEST NO. 77**. Any all documents listing the SKUs of all 3M brand N95 respirators for the last two years manufactured by Plaintiff.

**RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -39

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

**REQUEST NO. 78.** Any and all documents evidencing the number of 3M brand N95 respirators delivered at each manufacturing facility for the last two years, including but not limited to documents which list the deliveries by SKU.

**RESPONSE**: 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M also objects as this request seeks confidential information, which 3M will not provide without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

**REQUEST NO. 79**. Any and all documents evidencing the raw materials used for the manufacture of 3M brand N95 respirators for the last two years, including but not limited to any breakdowns by manufacturing facilities.

**RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M also objects as this request seeks confidential information, which 3M will not provide without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -40

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**REQUEST NO. 80.** Any and all SGS reports by Plaintiff's manufacturing facilities where 3M brand N95 respirators were manufactured for the past two years.

**RESPONSE**: 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M also objects as this request seeks confidential information, which 3M will not provide without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

**REQUEST NO. 81.** Any and all bills of lading for all goods delivered at each of Plaintiff's manufacturing facilities where 3M brand N95 respirators were manufactured for the past two years.

**RESPONSE:** 3M objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. 3M also objects as this request seeks confidential information, which 3M will not provide without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

**REQUEST NO. 82.** Any and documents evidencing exports from each of Plaintiff's manufacturing facilities where 3M brand N95 respirators were manufactured for the last two years, including the destination.

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -41

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

**RESPONSE**: 3M objects to this request as irrelevant, overly broad, unduly burdensome, and19 disproportionate to the needs of the case. 3M also objects as this request seeks confidential 0 information, which 3M will not provide without a protective order. Notwithstanding the objections, 3M is willing to confer on a reasonable scope of documents. 3M will not produce its Confidential documents in the absence of a protective order with a Highly Confidential/Attorneys' eyes only provision.

**MOTION TO COMPEL: See AIME's Motion as it relates to REQUEST NO. 75 above.**

## V.     CERTIFICATION

I certify that before filing this Motion, I sent opposing counsel an email on January 18, 2021 and again on June 3, 2021 seeking to have 3M respond to AIME's First Request for Production. I then scheduled and conducted a telephone conference with opposing counsel on June 12, 2021, during which the substance of the contemplated motion and many other discovery issues were discussed thoroughly, and sought potential resolution in accordance with LCR 37(a). I then sent follow up emails to opposing counsel on June 15, 2021, and again on December 15, 2021, both times seeking to have 3M's responses, all without success.

By: _s/ R. Gale Porter, Jr. _

R. Gale Porter, Jr., FBN 0578584
gale@porterlawgroup.net
Paralegal@porterlawgroup.net
PORTER LAW GROUP LLC
1646 W. Snow Ave. Suite 11
Tampa, Florida 33606
P: 813.405.3100 F: 813.603.6301
*Pro Hac Vice*

Attorney for Defendants AIME, LLC,
Mark Baciak, and Michael Bingham

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -42

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

1

2

3

4

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

6

7

8

9

W. Gregory Lockwood: wglockwood@grsm.com

Nancy Erfle: nerfle@grsm.com; hcoffey@grsm.com
Gordon Rees Scully Mansukhani, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, Oregon 97201

10

11

12

13

14

LAW OFFICE OF RICHARD D. ROSS

15

16

17

18

19

By  _s/ Richard D. Ross_ _____
    Richard D. Ross, WSBA No. 34502
    richard.d.ross@icloud.com
    Law Office of Richard D. Ross
    2737 37th Ave SW
    Seattle, WA 98126
    Telephone: 206.660.0512

20

21

22

23

24

25

By:  _s/ R. Gale Porter, Jr._ _____
    R. Gale Porter, Jr., FBN 0578584
    gale@porterlawgroup.net
    Paralegal@porterlawgroup.net
    PORTER LAW GROUP LLC
    1646 W. Snow Ave. Suite 11
    Tampa, Florida 33606
    P: 813.405.3100 F: 813.603.6301
    *Pro Hac Vice*

26

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -43

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

Attorney for Defendants AIME, LLC, Mark Baciak, and Michael Bingham

AIME'S AMENDED MOTION FOR AN ORDER
OVERRULING 3M'S OBJECTIONS AND
COMPELLING 3M'S RESPONSE TO AIME'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
Case No.: 2:20-cv-01096-RAJ -44

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512