UNITED STATES MAGISTRATE JUDGE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>AIME LLC, et al.,<br><br>                Defendants. | CASE NO. 2:20-cv-01096-TL-BAT<br><br>**PROTECTIVE ORDER** |

The parties were unable to agree on a stipulated protective order. Dkt. 48. Defendants sought entry of the standard order; plaintiff proposed revisions to add the category "Highly Confidential – Attorneys' Eyes Only," address how material thus categorized should be handled, and address electronically stored discovery material. Dkt. 48-1. The Court finds that plaintiff's proposed Protective Order is better crafted to address the subject matter of this lawsuit. The Court therefore enters this Protective Order.

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. The following Protective Order

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97204
Telephone: (503) 222-1075
Facsimile : (503) 616-3600

is therefore entered.  Plaintiff acknowledges that this order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

        The parties may designate information as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" (the "Confidentiality Designation").

        2.1      "Confidential" or "CONFIDENTIAL" information is information that, if disclosed or otherwise made available to others and/or the public, the Producing Party reasonably and in good faith believes that such disclosure would contravene the Producing Party's obligation of confidentiality to a third party and/or will likely harm the Producing Party's competitive position concerning, inter alia: that Party's business operations; business processes; business strategies; confidential information regarding customers, dealers and distributors and/or other commercially sensitive information that is not publicly known.

        2.2      "Highly Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is information that, if generally disclosed to the opposing Party, the Producing Party reasonably and in good faith believes that such disclosure will likely harm the Producing Party's competitive position concerning, inter alia: trade secrets; customer/supplier lists and other highly confidential information regarding customers, dealers and distributors; non-public technical information; confidential financial information; manufacturing and research information; confidential commercial information regarding the technology used to

PROTECTIVE ORDER– Page 2

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

make and/or confirm the authenticity of the products at issue in the litigation; and/or other highly-sensitive information that is not publicly known.

2.3     Information should not be designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" if it is or consists of publicly disclosed advertising materials; materials that on their face show that they have been published to the general public; information that was known to the recipient without obligation of confidentiality before the Producing Party disclosed it; information that becomes known to the recipient by means not constituting a breach of this Order or other obligations of confidentiality; and information obtained lawfully independently of this litigation.

3.     SCOPE

The protections conferred by this Order cover not only confidential and highly confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that

PROTECTIVE ORDER– Page 3

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

access is limited to the persons authorized under this Order.4.2     Disclosure     of
"CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in
writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees
of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the
receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties
agree that a particular document or material produced is Highly Confidential - Attorneys' Eyes
Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this
litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of
confidential material, provided that counsel for the party retaining the copy or imaging service
instructs the service not to disclose any confidential material to third parties and to immediately
return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is
reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
transcribed deposition testimony or exhibits to depositions that reveal confidential material must
be separately bound by the court reporter and may not be disclosed to anyone except as permitted
under this Order;

---

**PROTECTIVE ORDER**– Page 4

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)    Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties; and

4.3    Highly Confidential – Attorneys' Eyes Only Information may only be disclosed to:

(a).    Counsel of record (see 4.2(a))

(b)    Outside Experts (see 4.2(c));

(c)    Court reporters, stenographers and/or video recorders (see 4.2(d));

(d)    The Court, its personnel and those persons designated by the Court to view Highly Confidential Information;

(e)    Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties; and

(f)    Any person who, based on the face of the Highly Confidential document, as established through specific documentary or testimonial evidence or as agreed to by the Producing Party, authored or previously received a copy of the document.

4.4    A Party may not disclose information designated by another Party as Confidential and/or Highly Confidential – Attorneys' Eyes Only to persons allowed to view such materials under Sections 4.2(b), (c) and (g) and Sections 4.3(b) and (e) until that person has signed and agreed to the provisions set forth in the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

///

///

///

**PROTECTIVE ORDER**– Page 5

1  4.5    A Party who wishes to disclose information designated as Confidential or Highly

2  Confidential – Attorneys' Eyes Only to a person not authorized by this Order to receive it must

3  first make a reasonable attempt to obtain the Producing Party's permission. If the Party is unable

4  to obtain permission, it may move the Court to obtain permission.

5  4.6    A Party may disclose information designated as Confidential or Highly

6  Confidential – Attorneys' Eyes Only to: (i) any employee or author of the Producing Party; (ii)

7

8  any person, no longer affiliated with the Producing Party, who authored the information in whole

9  or in part; and (iii) any person who lawfully received the information before this case was filed.

10  4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

11  referencing such material in court filings, the filing party shall confer with the designating party,

12  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

13  remove the confidential designation, whether the document can be redacted, or whether a motion

14  to seal or stipulation and proposed order is warranted. During the meet and confer process, the

15  designating party must identify the basis for sealing the specific confidential information at issue,

16  and the filing party shall include this basis in its motion to seal, along with any objection to sealing

17  the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and

18  the standards that will be applied when a party seeks permission from the court to file material

19

20  under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

21  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

22  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

23  the strong presumption of public access to the Court's files.

24

25  ///

26  ///

**PROTECTIVE ORDER**– Page 6

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" (in either lower case or upper

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

case letters) to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     All confidential Discovery Material in the form of software or digital material stored on an electronic storage device shall be designated confidential by placing either the applicable Confidentiality Designation or legend on the device itself, if possible, or by designating the specific material using the applicable confidentiality designation in accompanying correspondence, email, or similar transmission.

(c)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Attorneys' Eyes Only". If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(d)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the the applicable Confidentiality Designation. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a Confidentiality Designation at any time. Unless a prompt challenge to a designating party's Confidentiality Designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidentiality Designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding Confidentiality Designation without court involvement. Any motion regarding Confidentiality Designation or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

---

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

1  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain
2  the material in question as confidential until the court rules on the challenge.

3  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
4  LITIGATION

5      If a party is served with a subpoena or a court order issued in other litigation that compels
6  disclosure of any information or items designated in this action as  "Confidential" or as "Highly
7  Confidential – Attorneys' Eyes Only" that party must:

8      (a)      promptly notify the designating party in writing and include a copy of the
9  subpoena or court order;

10      (b)      promptly notify in writing the party who caused the subpoena or order to
11  issue in the other litigation that some or all of the material covered by the subpoena or order is
12  subject to this Order. Such notification shall include a copy of this Order; and

13      (c)      cooperate with respect to all reasonable procedures sought to be pursued by
14  the designating party whose confidential material may be affected.

15  8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16      If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
17  material to any person or in any circumstance not authorized under this Order, the receiving party
18  must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b)
19  use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the
20  person or persons to whom unauthorized disclosures were made of all the terms of this order, and
21  (d) request that such person or persons execute the "Acknowledgment and Agreement to Be
22  Bound" that is attached hereto as Exhibit A.

23  ///

---

**PROTECTIVE ORDER**– Page 10

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, receiving counsel may destroy all Discovery Materials designated as "Confidential" and/or "Highly Confidential - Attorneys Eyes Only" and serve a written certification of their destruction to counsel for the Producing Party.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

///

///

///

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: March 28, 2022

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge
-

Respectfully Submitted,

By: */s/W. Gregory Lockwood*
W. Gregory Lockwood, WSBA No. 52232
wglockwood@grsm.com
*Attorneys for Plaintiff 3M Company*

**PROTECTIVE ORDER**– Page 12

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

1

2

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

4

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Protective Order that was issued by the

6

United States District Court for the Western District of Washington on [date] in the case of *3M*

7

*Company v. AIME, LLC*, et al., Case No.2:20-cv-01096-TL. I agree to comply with and to be

8

bound by all the terms of this Protective Order and I understand and acknowledge that failure to

9

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10

promise that I will not disclose in any manner any information or item that is subject to this

11

Protective Order to any person or entity except in strict compliance with the provisions of this

12

Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Protective Order,

15

even if such enforcement proceedings occur after termination of this action.

16

Date: _____

17

City and State where sworn and signed: _____

18

Printed name: _____

19

Signature: _____

20

21

22

23

24

25

26

**PROTECTIVE ORDER**– Page 13

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600