HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>AIME LLC, MARK BACIAK, AND MICHAEL BINGHAM,<br><br>    Defendants.<br><br>AIME LLC, MARK BACIAK, AND MICHAEL BINGHAM,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>JOHN SHINAR (Individually and in His Capacity as Agent of 3M COMPANY),<br><br>    Third-Party Defendant | CASE NO. 2:20-cv-01096-RAJ<br><br>**AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW** |

AIME'S RESPONSE TO MOTION FOR
ATTORNEY'S FEES AND MEMORANDUM OF
LAW
Case No.: 2:20-cv-01096-RAJ -1

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

Defendants, AIME LLC, Mark Baciak, and Michael Bingham hereby file their Response as required by this Court's Order denying Defendant's Motion to Compel entered on March 28, 2022 (Dkt. 50), and state as follows:

## I. INTRODUCTION

3M filed its lawsuit against AIME after it discovered AIME was competing with 3M for the business of one of its customers known as Providence Medical. 3M's Initial Disclosures concede that the sole basis for its lawsuit against AIME was a single instance of AIME attempting to broker one million 3M 1860 respirators to 3M's customer Providence. When 3M sought the identity of AIME's source of the 3M products, AIME disclosed that information. Twice, AIME offered to "work with 3M" to "quickly resolve this matter" and sought to work directly with 3M to provide further information about the seller. 3M never followed up with AIME. Instead, 3M filed this lawsuit accusing AIME of counterfeiting, price gouging, and profiteering. 3M's suit called AIME's principals "bad actors" and "opportunists" who were engaging in, *inter alia*, counterfeiting, price gouging, and profiteering. The suit implied they were criminals.

Four of the seven Counts of the original Counterclaim are pending. After numerous attempts to obtain better Responses to its First Request for Production to 3M and after duly warning 3M it would file a Motion to Compel, 3M continued to ignore AIME, which led to its Motion to Compel on March 8, 2022. (Dkt. 42). 3M successfully defended the Motion by pointing out procedural errors in bringing the Motion. 3M sought attorney's fees for defending the Motion, largely because AIME did not sufficiently meet and confer with 3M before filing its Motion. This filing is made in compliance with the Court's most recent Order.

## II. FACTS AND HISTORY

a. **Prior Denial of AIME's Motion to Compel.**

AIME's original Motion to Compel was denied by Judge Jones because it did not attach the Request for Production and 3M's Response. The Request and the Response consisted of 41

AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW
Case No.: 2:20-cv-01096-RAJ -2

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

pages alone. Attaching them arguably would have caused the Motion to exceed any page limits set forth in the Local Rules, which do not on their face exempt *attachments* from page limitations. See, e.g., LCR 7(e)(6) "Captions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit," but not attachments. Judge Jones denied the original Motion because AIME's Request and 3M's Response were not attached. As such, Judge Jones arguably invited AIME to exceed the page limits in a successive Motion that would have attached the Request and the Responses.

      **b.**      **Response to Issues Relating to Format and Length of AIME's Motion to Compel**

In a good faith effort to comply with the Local Rule, the undersigned carefully read LCR 37(a), entitled FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY; SANCTIONS. Subpart (1) of the Rule confers no guidance on the format of a contested Motion to Compel. Instead, it simply requires the parties to meet and confer before filing such a Motion. Subpart (2) of the Rule authorizes an "expedited" procedure that contemplates nine separate steps that parties may employ to file a "joint' Motion to Compel. (See LCR 7(a)(2) (A) through (I)). While AIME did not choose to employ that procedure, it did pattern its Motion to Compel after the *Form* set forth in APPENDIX B. SUBMISSION REGARDING REQUEST FOR PRODUCTION to the Local Rules.

Exhibit B to the Local Rules requires the Request and the Response to be recited verbatim within the Motion to Compel. AIME did that. Because 3M did not produce a single document in Response to the Request for Production consisting of 82 categories of documents, the Motion lengthy by necessity. LCR 7(e) entitled Length of Motions and Briefs provides: *Except as otherwise provided by court order or rule*, the length of motions and briefs shall be as follows…". As such, AIME followed the example set forth in the Local Rules, thinking that LCR 37(a)(2) contemplated an exception to the page limits set forth in LCR 7.

AIME'S RESPONSE TO MOTION FOR
ATTORNEY'S FEES AND MEMORANDUM OF
LAW
Case No.: 2:20-cv-01096-RAJ -3

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

c. **Errors Regarding Noting Date**

The undersigned was given permission to participate in this particular case Pro Hac Vice pursuant to LCR 83.1. Dkt. 14. The undersigned practices primarily in Florida, where federal courts do not have a noting date system. As such, the noting date procedure is a foreign concept to Pro Hac Vice counsel. The error in noting the date was due to an inadvertent and regrettable mistake by local counsel.

d. **3M Did Not Produce a Single Document in Response to AIME's Request for Production**

3M provided 185 pages of documents with its Initial Disclosures in early 2020. The Request for Production in question was served with AIME's Counterclaim on *October 9, 2020*. From reading 3M's Response, one might think 3M produced 185 documents in response to the Request for Production. It did not. "Contemporaneously with filing the Counterclaim, Defendants served 3M with a set of eighty-two Requests for Production of Documents (the "Requests"). On December 2, 2020, 3M provided 185 pages of documents identified in its initial disclosures, which were also responsive to the Request for Production." Dkt. 46, p.3. As such, 3M has never produced anything more than its Initial Disclosure documents.

e. **AIME's Effort to Obtain Compliance by 3M**

3M ignored every one of the four emails AIME's counsel originally sent seeking compliance with its first Request for Production. To divert blame, 3M points out that only the last email (one that 3M ignored) was sent after the Court had summarily denied the original Motion to Compel. 3M repeatedly claims it has tried to meet and confer with AIME's counsel. "Defendants have refused entreaties from 3M to meet and confer." "Defendants never narrowed in any respect their overly broad and vague requests." AIME would respond by saying it was not AIME's place to "narrow" the scope of the documents it was seeking. Those requests were carefully tailored to elicit documents that support its pending Counterclaims. 3M objected to *every single one of the 82 requests*. 3M produced *not a single document in response*. As such, if

AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW
Case No.: 2:20-cv-01096-RAJ -4

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

3M wanted to behave in good faith, it should have offered to produce documents. Good faith in this context means responding to AIME's overtures with *some* offer to produce *some* documents. Otherwise, AIME would be forced to negotiate against itself. Not once since the Request for Production was served on October 9, 2020 has 3M offered to produce *any* documents whatsoever. Good faith on 3M's part would have required it to make an offer – any offer – to produce some documents.

    f.    **Adequacy of AIME's Meet and Confer Certification**

3M cites *Hobson v. HSC Real Est., Inc.*, 2010 WL 11526890, at *1 (W.D. Wash. Sept. 22, 2010) to suggest that AIME's certification was somehow vague. It was not, nor were any of the emails sent asking 3M to respond. The undersigned's Certification reveals that 3M essentially sandbagged AIME in its efforts to obtain documents from 3M. The undersigned certified the following efforts to get better responses before filing this Motion, "I sent opposing counsel an email on January 18, 2021 and again on June 3, 2021 seeking to have 3M respond to AIME's First Request for Production. 3M did not respond to either email. "I then scheduled and conducted a telephone conference with opposing counsel on June 12, 2021, during which the substance of the contemplated motion and many other discovery issues were discussed thoroughly, and sought potential resolution in accordance with LCR 37(a)." As such, contrary to the arguments in 3M's Response, there was a lengthy telephone conference addressing the Request for Production.

On February 9, 2022, the undersigned wrote:

> Greg, … Also, now that 3M's Motion to Dismiss our claims was denied in part, we expect 3M to comply with its discovery obligations *by filing amended responses* and producing responsive documents. *Please advise if you will do so without the necessity of filing an Amended Motion to Compel.*

AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW
Case No.: 2:20-cv-01096-RAJ -5

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

3M did not respond to this email, which was not a threat as much as it was an invitation to file an *amended discovery response*. 3M claims the scope of discovery changed because three of seven claims were dismissed. One would assume 3M would then file an Amended Response to comport with the new claims. At the very least, 3M should have responded to AIME's invitation by explaining why it was not going to file an Amended Response to Request for Production.

On February 16, 2022, at 1:33 PM, the undersigned wrote to 3M's counsel suggesting the following edit to the most recent Joint Status Report (Dkt. 40):

> The AIME Defendants/Counter plaintiffs anticipate a lengthy discovery process. *They are in the process of filing a motion to compel seeking significant discovery from 3M that has been outstanding for over a year.* As such, they seek a trial date in mid 2023 with discovery deadlines shortly before hand.

At this juncture, having asked nicely and then warning well in advance that a Motion would be forthcoming, AIME's conduct should not warrant the sanction of attorney's fees. AIME sent six emails and had a telephone conference to obtain 3M's compliance with its discovery obligations. These facts demonstrate that AIME tried to avoid a Motion to Compel and to comply with the Court's "Meet and Confer" requirement concerning the Request for Production in question. At some point, 3M deserves blame for its continued failure to produce a single responsive document to the Request that was served with AIME's Counterclaim more than 18 months ago.

## III. MEMORANDUM OF LAW

This is the first time either party to this case has requested "sanctions" for failing to comply with the Court's meet and confer requirements. It is customary in this District, and appropriate in general, to first impose a less severe sanction before punishing the parties in their pocketbook. *See, e.g., W. Aerospace Corp. v. Glowczyk*, 2006 WL 3792658, at *2 (W.D. Wash. Dec. 20, 2006) ("[T]he Court has decided to admonish counsel instead and to encourage both

AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW
Case No.: 2:20-cv-01096-RAJ -6

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

sides to meet and confer face-to-face in the future to avoid misunderstandings and mis-communications"); *see also Trueblood v. Cappola*, , 2020 WL 1932636, at *2 (W.D. Wash. Apr. 21, 2020) ("The Court further cautions plaintiff that his continued failure to meet and confer with defendants regarding discovery requests may warrant Court action against plaintiff, including sanctions").

Given 3M's complete failure to make any counteroffer of discovery, the issue is, at a minimum fairly debatable. *See Davis v. Homecomings Fin., No. C05-1466RSL*, 2007 WL 1600636, at *1 (W.D. Wash. May 31, 2007) (Sanctions denied where the conduct in question was at least fairly debatable).

## IV. CONCLUSION

Based upon the foregoing arguments and citations of authority, the Counter Plaintiffs AIME LLC, Mark Baciak, and Michael Bingham respectfully request that the Court decline to sanction them for their counsel's conduct in seeking discovery from 3M.

By: _s/ R. Gale Porter, Jr._
R. Gale Porter, Jr., FBN 0578584
gale@porterlawgroup.net
Paralegal@porterlawgroup.net
PORTER LAW GROUP LLC
1646 W. Snow Ave. Suite 11
Tampa, Florida 33606
P: 813.405.3100 F: 813.603.6301
*Pro Hac Vice*

Attorney for Defendants AIME, LLC, Mark Baciak, and Michael Bingham

AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW
Case No.: 2:20-cv-01096-RAJ -7

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Gregory Lockwood: wglockwood@grsm.com
Nancy Erfle: nerfle@grsm.com; hcoffey@grsm.com
Gordon Rees Scully Mansukhani, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, Oregon 97201

By: *s/ Richard D. Ross*
Richard D. Ross, WSBA No. 34502
richard.d.ross@icloud.com
Law Office of Richard D. Ross
2737 37th Ave SW
Seattle, WA 98126
Telephone: 206.660.0512

By: *s/ R. Gale Porter, Jr.*
R. Gale Porter, Jr., FBN 0578584
gale@porterlawgroup.net
Paralegal@porterlawgroup.net
PORTER LAW GROUP LLC
1646 W. Snow Ave. Suite 11
Tampa, Florida 33606
P: 813.405.3100 F: 813.603.6301
*Pro Hac Vice* Counsel for Defendants
AIME LLC, Mark Baciak, and Michael Bingham

AIME'S RESPONSE TO MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW
Case No.: 2:20-cv-01096-RAJ -8

LAW OFFICE OF RICHARD D. ROSS
2737 37TH AVE SW
SEATTLE, WA 98126
T: 206.660.0512