UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY, | |
| Plaintiff, | CASE NO. 2:20-cv-01096-TL |
| v. | **ORDER DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND ISSUING ADMONISHMENT TO DEFENDANTS' COUNSEL** |
| AIME LLC, et al., | |
| Defendants. | |

Plaintiff has demonstrated that defendants failed to make a good faith effort to meet and confer before filing an overlong and under-supported motion to compel. *See* Dkt. 50. "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). Yet after several counterclaims were dismissed from the case and the first motion to compel was denied, defendants' counsel's only attempts to meet and confer consisted of emails threatening to file a motion to compel should defendants not immediately comply with overly broad requests for production. Dkt. 51, at 5–6. The Court would therefore be justified in granting plaintiff attorney's fees for the time expended responding to defendants' borderline frivolous motion to compel. LCR 11(c), 37(a)(1). The Court chooses, however, in its discretion to **DENY** plaintiff's request for attorney's fees, **Dkt. 46**, and to **ISSUE AN ADMONISHMENT** to defendants' counsel that further disregard for the

Local Rules and professional conduct will not be tolerated.

Defendants' counsel has provided examples of how *not* to resolve discovery disputes in the Western District of Washington. In addition to failing to make a good faith effort to meet and confer, defendants filed an overlength 44-page brief. *See* Dkt. 42. Contrary to counsel's suggestions, Judge Jones did not, in denying the earlier motion to compel for lack of support, give *sub silentio* permission to file an overlength brief nearly four times the page limit. *See* Dkt. 34, at 27–28. Local Civil Rule 7(f) provides that motions to file overlength briefs are disfavored but should be filed no later than three days before filing the brief. Defendants' counsel has no excuse for failing to move for permission to file an overlength brief. It should also be clear from any commonsense reading of the Local Rules and understanding of professional practice that briefs are reserved for substantive argumentation rather than for verbatim recitation and any necessary supporting documentation may be attached. Moreover, no reasonable jurist would deny that many of defendants' requests for production are overbroad and seek irrelevant information. *See, e.g.*, Dkt. 42, at 41 ("REQUEST NO. 81. Any and all bills of lading for all goods delivered at each of Plaintiff's manufacturing facilities where 3M brand N95 respirators were manufactured for the past two years."). It is insufficient and intransigent for defendants' counsel to refuse to meaningfully meet and confer about narrowing the scope of 70 requests for production, particularly after several counterclaims were dismissed, while also faulting plaintiff for failing simply to produce whatever plaintiff deems to be in reasonable compliance with unreasonable requests.

The Court has already ordered the parties to meet and confer regarding their discovery disputes by April 29, 2022. Should defendants thereafter move to compel production, defendants are forewarned that the Court is not inclined to grant a motion to file an overlength brief given

defendants' counsel's history of filing substantively deficient briefs. Defendants are also forewarned that counsel may face monetary sanctions for further violations of the Local Rules and professional conduct.

DATED this 20th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge