UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>AIME LLC, et al.,<br><br>                    Defendants. | CASE NO. 2:20-cv-01096-TL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUIRING DEFENDANTS TO SHOW CAUSE REGARDING MONETARY SANCTIONS** |

Plaintiff 3M Company moves to compel responses to interrogatories and request for production of documents, as well as for the attorney fees and costs of pursuing this motion. Dkts. 56, 58. Defendants filed an opposition brief seven days late without seeking leave for an extension of time to do so. Dkt. 60.

The Court is satisfied that 3M attempted to resolve this discovery dispute without the Court's intervention. The Court **DENIES** defendants' implicit motion for an extension of time to file an opposition brief and **STRIKES** defendants' brief as untimely. Dkt. 60. The Court considers defendants' failure to timely file an opposition brief to be an admission that plaintiff's motion to compel has merit. LCR 7(b)(2). Moreover, the Court finds that there is no substantive basis for defendants' recalcitrance in responding to 3M's reasonable interrogatories and request for production of documents. The Court has reviewed defendants' late-filed brief and notes that

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL AND REQUIRING
DEFENDANTS TO SHOW CAUSE
REGARDING MONETARY SANCTIONS - 1

defendants (1) concede that defendants were unjustified in withholding responses and documents; (2) lodge a specious opposition to **Request No. 19** for "All documents related to any bankruptcy you have been involved in"; and (3) appear to concede that individuals who held themselves out to be representatives of AIME were independent contractors such that documents identifying their locations, addresses, and names should be provided to 3M as part of an amended **Request No. 13**.

      The Court **GRANTS** plaintiff's motion to compel. Dkt. 56. Defendants suggest in their late-filed opposition brief that current attempts to comply moot 3M's motion to compel. The Court is not persuaded that this assertion is accurate. To the extent they have not yet done so, defendants must provide the missing documents and information in the manner set forth in plaintiff's motion, Dkt. 56, at 5–10, and reply, Dkt. 58, at 2–3, by **November 25, 2022**. This means, for example, that in response to **Request No. 19**, defendants must provide sufficient information to identify any responsive bankruptcy case, such as the caption, jurisdiction, and case number. Dkt. 56, at 10. Moreover, the Court notes that although 3M sought contact information for AIME employees in **Request No. 13**—including individuals who used company emails (and even a person holding himself out as "Vice President of Logistics")—defendants now say that those persons were not employees but simply "independent contractors" who need not be identified. The Court permits 3M to amend Request No. 13 to request information about such independent contractors or others who have held themselves as representing AIME's business interests. Defendants must therefore also disclose documents sufficient to identify the locations, addresses, and names of those individuals by November 25, 2022. Dkt. 56, at 9–10.

Should defendants violate this order compelling discovery, the Court may set a show cause hearing to consider further sanctions including dismissal of defendants' counterclaims. 3M may

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL AND REQUIRING
DEFENDANTS TO SHOW CAUSE
REGARDING MONETARY SANCTIONS - 2

take the depositions for defendants Mark Baciak and Michael Bingham outside of the discovery period. 3M is afforded an extension of time to file a dispositive motion by **January 12, 2023**.

The Court has already admonished defendants' counsel about unprofessional conduct during discovery and warned that the next violation would potentially bring monetary sanctions. Dkt. 55, at 3. The Court therefore **ORDERS defendants to show cause by November 17, 2022**, why monetary sanctions of $7,950 should not be levied upon defendants' counsel for the time expended by 3M in drafting letters, conferring with opposing counsel, and preparing the motion to compel. 3M may file an optional responsive brief regarding monetary sanctions on **November 18, 2022**, at which time the Court will consider whether to order monetary sanctions against defendants' counsel.

DATED this 15th day of November, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL AND REQUIRING
DEFENDANTS TO SHOW CAUSE
REGARDING MONETARY SANCTIONS - 3