UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3M COMPANY,

                          Plaintiff,

        v.

AIME LLC, et al.,

                          Defendants.

CASE NO. 2:20-cv-01096-TL

**ORDER IMPOSING MONETARY SANCTIONS ON DEFENDANTS' COUNSEL FOR DISCOVERY ABUSES**

        The Court ordered defendants' counsel—lead counsel, Florida attorney R. Gale Porter appearing *pro hac vice*, and local counsel Richard D. Ross—to show cause by November 17, 2022, why monetary sanctions should not be imposed in the amount of $7,950 for the time expended by 3M's counsel in drafting letters, conferring with opposing counsel, and preparing a motion to compel that was granted in full. Dkt. 62. Defendants' counsel missed the deadline, instead filing a show-cause response a day late at 10:29 p.m. on November 18, 2022. Dt. 64. None of the reasons stated by defendants' counsel justify their discovery abuses or excuse their filing a response to a motion to compel a week late and a response to the order to show cause a day late without seeking extensions of time.

        Defendants' counsel contends that monetary sanctions should not be imposed because: (1) Florida counsel Mr. Porter meant to file a response on-time but filed a week late due to a

miscommunication with local counsel Mr. Ross; (2) Mr. Porter had informed plaintiff's counsel that he intended to withdraw as counsel if the case did not settle at mediation and new counsel will soon take his place; (3) Mr. Porter thought the motion to compel was unnecessary because he was complying with all reasonable requests; and (4) the reasons Mr. Porter stated in his stricken opposition to the motion to compel were valid, such as, in response to the request for documents related to any bankruptcy defendants were involved in, "there is authority for the proposition that records that [are] 'publicly available' and 'equally available to the parties' do not need to be produced." Dkt. 64, at 7; *see generally* Dkts. 64, 65. First, the obligation of defendants' counsel to meet professional standards and court-ordered deadlines is not excused by poor communication between local counsel and Florida counsel. Moreover, Mr. Porter admits that he sent his *first draft* of an opposition brief to Mr. Ross a day *after* it was already due. Dkt. 64, at 3. Second, it matters not that defendants' counsel will be withdrawing in the future, only that they remain defendants' counsel at the present time. Third, although Mr. Porter thought that any discovery issues had been resolved, this was clearly not the view of plaintiff, and defendants' counsel was obligated to respond to the motion to compel or concede that it had merit. Fourth, the Court has already rejected defendants' counsel's argumentation and further notes that Federal Rule of Civil Procedure 34 does not excuse defendants from providing documents in their possession or control, solely because the information is also publicly available. *See, e.g.*, *Telecommunication Systems, Inc. v. Houserman*, 2020 WL 5500372, at *4 (W.D. Wash. Sept. 11, 2020); *Regal Elecs, Inc. v. Pulse Eng'g, Inc.*, 2005 WL 3078983, at *3 (N.D. Cal. Nov. 16, 2005). The Court has already admonished defendants' counsel for earlier discovery abuses and warned that monetary sanctions could follow further discovery transgressions. Dkt. 55. Moreover, it is unpersuasive for defendants' counsel to argue that they

ORDER IMPOSING MONETARY
SANCTIONS ON DEFENDANTS' COUNSEL
FOR DISCOVERY ABUSES - 2

1   should be excused for filing even their response to the show-cause order late because they

2   misread the deadline and presumed that a show-cause order would not require them to respond

3   within two days. Dkt. 64, at 2–3. Counsel is required to read orders carefully and meet court-

4   ordered deadlines. Additionally, though the Court required a two-day response to the show-cause

5   order, defendants' counsel were put on notice of a request for monetary sanctions against them

6   when plaintiff's motion to compel was filed on October 21, 2022, but failed to respond to that

7   request in their late-filed opposition brief. *See* Dkt. 56, at 11. That is, the Court was extending

8   defendants' counsel an *additional* opportunity to be heard prior to levying sanctions already

9   requested in plaintiff's motion. *See generally* FED. R. CIV. P. 37(c)(1).

10          The Court finds that monetary sanctions imposed upon defendants' counsel Mr. Porter

11   and Mr. Ross are justified by their untimely and unsupported opposition to plaintiff 3M's

12   straightforward and reasonable discovery requests. Dkts. 56, 58. Plaintiff 3M's counsel seeks

13   $7,950 for time spent on trying to secure the information and documents that were the subject of

14   the motion to compel: lead counsel's time of 2 hours at $350 per hour and senior counsel's time

15   of 29 hours at $250 per hour. Dkt. 59, at 2–3. The Court finds that 3M's counsel has stated a

16   reasonable amount of time expended and hourly rate for attorney fees. *See Jordan v. Multnomah*

17   *County*, 815 F.2d 1258, 1262 (9th Cir. 1987); *TVI, Inc. v. Harmony Enterprises, Inc.*, 2019 WL

18   5213247, at *2 (W.D. Wash. Oct. 16, 2019) ("The Court has previously approved hourly rates of

19   $350 per hour for partners, $250 per hour for associates . . . ."). None of this time was

20   "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S., 434 (1983).

21          Defendants' counsel R. Gale Porter and Richard D. Ross are **ORDERED** to pay a

22   monetary sanction of **$7,950** for the reasonable attorney fees needlessly incurred by plaintiff as

23   the result of discovery abuses by defendants' counsel. Fed. R. Civ. P. 37(a)(5)(A); LCR 11(c).

ORDER IMPOSING MONETARY
SANCTIONS ON DEFENDANTS' COUNSEL
FOR DISCOVERY ABUSES - 3

1    Mr. Porter and Mr. Ross are ordered to pay the sanction to 3M by **December 5, 2022**.

2         DATED this 23rd day of November, 2022.

3

4         _____

5         BRIAN A. TSUCHIDA
          United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER IMPOSING MONETARY
SANCTIONS ON DEFENDANTS' COUNSEL
FOR DISCOVERY ABUSES - 4