UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>                      Plaintiff,<br><br>     v.<br><br>AIME LLC, et al.,<br><br>                      Defendants. | CASE NO. 2:20-cv-01096-TL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR AN EXTENSION OF THE TRIAL DATE AND RELATED DATES** |

On the discovery deadline date of November 23, 2022, defendants moved for an extension of the trial date and related dates. Dkt. 67. During the discovery period, defendants brought two near-frivolous motions to compel, the latter of which resulted in an admonishment from the Court for discovery abuses. *See* Dkts. 29, 34, 42, 50, 55. More recently, the Court granted plaintiff 3M's motion to compel and awarded monetary sanctions against defendants' counsel for discovery abuses that included, *inter alia*, refusing to allow 3M to schedule depositions of the individual defendants during the discovery period. *See* Dkts. 56, 62, 66. The Court finds defendants' reasons to extend the trial and all related deadlines to be specious, counterfactual, and unpersuasive. The Court therefore **DENIES** defendants' motion for an extension of the trial date and related dates. Dkt. 67.

A trial schedule may be modified only for good cause and with the Court's consent. *See*

ORDER DENYING DEFENDANTS' MOTION
FOR AN EXTENSION OF THE TRIAL DATE
AND RELATED DATES - 1

1   Fed. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the
2   diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
3   604, 609 (9th Cir. 1992). The Court may modify the schedule "if it cannot reasonably be met
4   despite the diligence of the party seeking the extension." *Id.* (citation and internal quotation
5   marks removed). Carelessness is not an excuse for a lack of diligence by a party. *Id.* "Mere
6   failure to complete discovery within the time allowed does not constitute good cause for an
7   extension or continuance." LCR 16(b)(6).

8   Defendants assert there is good cause to extend the remaining trial deadlines because 3M
9   delayed its responses to discovery requests, both sides acquiesced to delay discovery to pursue
10  settlement, and defendants' counsel always meant to withdraw if settlement was not reached.
11  Dkt. 67, at 4–5. 3M disputes defendants' characterization of how discovery was conducted and
12  asserts that defendants' request to extend all remaining trial deadlines is too late and
13  unreasonable because defendants ignored 3M's numerous attempts to resolve discovery disputes,
14  failed to pursue their own discovery, and waited until the last day of the discovery period to ask
15  the Court to grant them more time. Dkt. 69, at 1. The Court finds that 3M's position is supported
16  by the record and that defendants' position is contradicted by the record. Court deadlines are
17  mandatory, not optional. LCR 16(b)(6). Defendants have not shown good cause to modify the
18  scheduling order by failing to exercise diligence in conducting discovery and in preparing for
19  trial and by stating that counsel never intended to represent defendants if settlement could not be
20  reached.

21  Defendants' motion for an extension of the trial date and related dates is **DENIED**. Dkt.
22  67.

23

ORDER DENYING DEFENDANTS' MOTION
FOR AN EXTENSION OF THE TRIAL DATE
AND RELATED DATES - 2

1   DATED this 12th day of December, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING DEFENDANTS' MOTION
FOR AN EXTENSION OF THE TRIAL DATE
AND RELATED DATES - 3