UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>AIME LLC, et al.,<br><br>                Defendants. | CASE NO. 2:20-cv-01096-TL<br><br>**ORDER DIRECTING DEFENDANTS' COUNSEL TO FILE LCR 83.2 CERTIFICATIONS FOR MOTIONS TO WITHDRAW NOTED FOR FEBRUARY 17, 2023** |

The Court earlier struck with leave to renew the motions to withdraw filed by defendants' counsel R. Gale Porter and Richard D. Ross based on their failure to file the certifications required by Local Civil Rule 82.2(b)(1) and (b)(4). Dkt. 75. Over a month later, on January 19, 2023, counsel David Dickey applied to appear *pro hac vice*, purporting to serve as substitute counsel for Mr. Porter. Dkt. 80. Mr. Dickey then filed motions to extend time to respond to plaintiff's motions for summary judgment and for contempt, stating that Mr. Porter and Mr. Ross needed more time because Mr. Dickey was going to withdraw as counsel for defendants. Dkts. 84, 85. Mr. Dickey then ended his 11-day representation of defendants—the entirety of which occurred two months after the discovery deadline and a week after the dispositive motions deadline—by filing a notice of withdrawal on January 30, 2023. Dkt. 86. That left as counsel the

ORDER DIRECTING DEFENDANTS'
COUNSEL TO FILE LCR 83.2
CERTIFICATIONS FOR MOTIONS TO
WITHDRAW NOTED FOR FEBRUARY 17,
2023 - 1

same two attorneys that have represented defendants since the outset of the litigation in 2020: Mr. Porter and Mr. Ross.

On February 1, 2023, Mr. Porter and Mr. Ross renewed their motions to withdraw, which are noted for consideration on February 17, 2023. Dkts. 91, 94. In a declaration, Mr. Porter certifies that he served his December 2022 motion on his clients and advised his corporate client AIME that it may proceed only with representation. Dkt. 93. Neither Mr. Porter nor Mr. Ross have, however, certified that they served on their clients the renewed motions to withdraw as counsel (Dkts. 91, 94) and reiterated that AIME "is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(1), (b)(4). This is particularly salient given the unusual circumstance of a presumed "substitute" counsel ending his representation of defendants within 11 days of appearing in the Western District and in-between the struck motions to withdraw and the renewed motions to withdraw. Counsel must ensure that their clients have official and renewed notice that the withdrawal of Mr. Porter and Mr. Ross will leave them unrepresented by counsel.

The Court **DIRECTS** Mr. Porter and Mr. Ross to file the certifications required by Local Rule 83.2(b)(1) and (b)(4) with respect to their clients and their motions located at Docket Numbers 91 and 94 by **Monday, February 6, 2023**. Their motions to withdraw as counsel remain noted for consideration on February 17, 2023.

DATED this 2nd day of February, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING DEFENDANTS' COUNSEL TO FILE LCR 83.2 CERTIFICATIONS FOR MOTIONS TO WITHDRAW NOTED FOR FEBRUARY 17, 2023 - 3