UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>                   Plaintiff,<br><br>    v.<br><br>AIME LLC, et al.,<br><br>                   Defendants. | CASE NO. 2:20-cv-01096-TL<br><br>**ORDER DENYING MOTIONS TO WITHDRAW AS COUNSEL** |

Defendants' lead counsel, Florida attorney R. Gale Porter, and defendants' local counsel Richard D. Ross move to withdraw as counsel. Dkts. 91, 94. The Court **DENIES** the motions to withdraw with leave to renew the motions, if necessary, after the assigned District Judge has resolved the pending summary judgment motion. **Dkts. 91, 94.**

Whether to grant a counsel's motion to withdraw is committed to the discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.,* 694 F.2d 1081, 1087 (7th Cir. 1982); *Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC*, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014). "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the

ORDER DENYING MOTIONS TO
WITHDRAW AS COUNSEL - 1

case." *Bernstein v. City of Los Angeles*, 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted); *see Rogers v. Howard*, 2022 WL 670922 (W.D. Wash. Mar. 7, 2022).

Although counsel have suggested reasons why their withdrawal as counsel might be appropriate, until plaintiff 3M's pending motion for summary judgment is resolved, granting withdrawal as counsel would delay resolution of this case and be unduly prejudicial to defense counsels' clients, 3M, and the administration of justice. The discovery and dispositive motions deadlines passed long ago and the trial date is set for April 3, 2023. Mr. Porter and Mr. Ross do not specify whether their clients, who would be left unrepresented if both attorneys are permitted withdraw, intend to proceed *pro se* as individuals, to face dismissal/default regarding their claims as a business entity, or to secure counsel who would try the case after all pretrial deadlines have long passed; do not adequately justify their pattern of discovery abuses that directly contributed to the current state of affairs; and state no cognizable basis reopening discovery or delaying the trial date given they represented their clients since 2020 and through the entire pretrial process.

**1. Mr. Porter's Motion to Withdraw as Counsel**

Mr. Porter moves to withdraw as counsel because: (1) as Florida counsel admitted *pro hac vice* in the Western District, should local counsel Mr. Ross's motion to withdraw be granted and no other local counsel be secured, he would not be able to serve as sole counsel in this matter; (2) his clients discharged him as counsel via December 2, 2022 e-mail messages; (3) as early as February 2022 he informed his clients that he might withdraw as counsel based on delinquent payments and in response they refused to pay him; (4) continued representation would result in an unreasonable financial burden; (5) withdrawal as counsel would cause no harm to the administration of justice because the entire pretrial and trial schedule could be

reopened; (6) withdrawal as counsel will not cause additional delay because 3M knew since April 2022 that if the case did not settle, Mr. Porter would withdraw as counsel and another law firm would try the case and, in any event, 3M or the district judge was responsible for the delays in discovery and pretrial proceedings. Dkt. 91. Under ordinary circumstances, the clients' discharge of an attorney and their non-payment of legal fees might justify granting withdrawal as counsel. But these are not ordinary circumstances, and Mr. Porter's other stated reasons are variously and sometimes in combination irrelevant, specious, counterfactual, and unpersuasive.

First, as discussed below, the Court is not granting local counsel's motion to withdraw as counsel such that Mr. Porter may still represent his client in this district. Moreover, as lead counsel, the remedy for his inability to practice in this district, should Mr. Ross be permitted to withdraw as local counsel, is for Mr. Porter to associate local counsel.

Second, the Court takes seriously Mr. Porter's assertion that his clients discharged him via e-mail and intended to substitute Florida attorney David Dallas Dickey as lead counsel. In general, it is mandatory for an attorney to withdraw as counsel when discharged by his or her client. Wash. RPC 1.16(a)(3) (subject to exception of Wash. RPC 1.16(c)). Here, the circumstances are anything but ordinary. *See* Wash. RPC 1.16(c) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."). Taking Mr. Porter's claims at face value, he was discharged via e-mail on December 2, 2022, i.e., the same day as the dispositive motions deadline and 9 days after the discovery deadline. Although Mr. Porter informed 3M in April 2022 that he would be replaced as counsel should mediation be unsuccessful, Dkt. 91, at 9, purported substitute counsel David Dickey first appeared before this Court nine months later when applying to appear *pro hac vice* on January 19, 2023. Dkt. 80. Mr. Dickey's only actions in this matter were to seek extensions of

ORDER DENYING MOTIONS TO
WITHDRAW AS COUNSEL - 3

time to respond to 3M's motions for summary judgment and contempt that were entirely for the benefit of Mr. Porter and Mr. Ross because Mr. Dickey intended to immediately withdraw as counsel, which he did 11 days after applying for *pro hac vice* status on January 30, 2023. Dkts. 84, 85, 86. Thus, while it may be true that defendants intended to discharge Mr. Porter on December 2, 2022, with the knowledge that they had substitute counsel impending or in-place, there is no indication whatsoever that defendants intended to proceed *pro se* as individuals or unrepresented as a business entity. Defendants have not, for example, joined in Mr. Porter's or Mr. Ross's motions to withdraw as counsel, signed stipulations and proposed orders regarding the motions to withdraw as counsel, or otherwise communicated their intentions regarding representation. Moreover, neither Mr. Porter nor Mr. Ross has, as required when withdrawal as counsel will leave parties unrepresented, informed the Court of defendants' addresses and phone numbers.[1] LCR 83.2(b)(1).

Third and fourth, the Court acknowledges that defendants' failure to pay Mr. Porter and the consequent financial burden may serve as permissive reasons to withdraw as counsel. Wash. RPC 1.16(b)(5)–(6). The problem for Mr. Porter is the timing of his current motion. Mr. Porter states that he informed his clients as early as February 2, 2022 that continued failure to pay him might result in his request to withdraw as counsel. Dkt. 92, at 7. Had Mr. Porter moved to withdraw as counsel at that time, he could have done so before the parties filed their joint status report on February 23, 2022, before the district court issued its scheduling order on March 2, 2022, and before he expended an additional year of labor on this case. Although Mr. Porter asserts that he continued to remain on this case despite not being paid based on his professional

---

[1] Should withdrawal as counsel leave defendants unrepresented, this deficiency should be corrected on any future, renewed motion to withdraw as counsel.

ORDER DENYING MOTIONS TO
WITHDRAW AS COUNSEL - 4

obligation and desire to secure his clients a monetary settlement, Dkt. 92, at 8, from a litigation perspective, his discovery abuses and inability to meet basic court deadlines have suggested the opposite of professional responsibility. *See, e.g.*, Dkt. 34, at 28 (December 2021 order denying defendants' motion to compel because "Defendants fail to state with particularity the grounds for a court order and the relief sought"); Dkt. 50, at 1 (March 2022 order denying defendants' motion to compel "because plaintiff has demonstrated that defendants failed to meet and confer meaningfully and in good faith to explain why their requests are relevant and proportional to the needs of this case, particularly in light of the Court's dismissal of several of defendants' counterclaims"); Dkt. 55, at 1–2 (April 2022 order issuing an admonishment to defendants' counsel that "further disregard for the Local Rules and professional conduct will not be tolerated"); Dkt. 62 (November 2022 order granting 3M's motion to compel based on discovery abuses by defendants' counsel); Dkt. 66 (November 2022 order that Mr. Porter and Mr. Ross pay monetary sanction of $7,950 based on discovery abuses, and noting that counsel provided no reasonable basis to excuse their filing a response to a motion to compel a week late and a response to the order to show cause a day late without seeking extensions of time). That defendants are facing trial and the prospect of securing new representation long after the closure of all pretrial deadlines is severely prejudicial to them.

Fifth, Mr. Porter is incorrect that the administration of justice would not be affected by his withdrawal as counsel because discovery could be reopened and the pretrial schedule reset once defendants retain new counsel (if they associate counsel). Allowing Mr. Porter to withdraw as counsel now would prejudice the administration of justice, his clients, and 3M. Court-ordered deadlines are not optional and the administration of justice is subverted when counsel obstructs the discovery process and then seeks extensions of all deadlines because new counsel (if any)

ORDER DENYING MOTIONS TO
WITHDRAW AS COUNSEL - 5

should be afforded the opportunity to fix the problems created by departing counsel. Defendants would be prejudiced because there is no cognizable basis for reopening deadlines that passed months ago such that any counsel who chose to represent them would have to proceed directly to trial based on a record disjointedly prepared by his or her predecessors. 3M would be prejudiced because a litigant has a reasonable expectation that having prepared diligently for trial, the trial will proceed on-schedule rather than be derailed based on repeated, egregious errors, lack of planning, and obfuscation by opposing counsel.

Sixth, the record makes clear that neither the Court nor 3M bears responsibility for Mr. Porter's failure to comply with the case schedule and the discovery process. Although Mr. Porter believes he should be excused from responsibility because he never intended to remain counsel if the case did not settle, this is incorrect. Mr. Porter is not an outside, third-party consultant assisting his clients in alternative dispute resolution. He is lead counsel of record in a federal trial court. The Court presumes that attorneys appearing before it will be prepared to try their cases. No attorney should enter an appearance in a federal trial court without understanding that he or she may be required to go to trial.

The Court **DENIES** Mr. Porter's motion to withdraw as counsel. Dkt. 91. He will remain counsel-of-record until the district court has resolved 3M's pending summary judgment motion. If plaintiff 3M's summary judgment motion is granted in-full, Mr. Porter will remain counsel-of-record until after final judgment and the time to appeal has expired. *See* LCR 83.2(b)(7); *see generally* Wash. RPC 3.4. If any part of defendants' case survives summary judgment, Mr. Porter will be afforded the opportunity to renew his motion to withdraw as counsel. In a renewed motion to withdraw, Mr. Porter should indicate whether his clients join in the motion and whether his clients intend to proceed with this matter unrepresented for any duration, even while

attempting to associate new counsel, in which case he must also provide defendants' addresses and phone numbers. *See* LCR 83.2(b)(1). Alternatively, "[a] stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party." *Id.*

**2. Mr. Ross's Motion to Withdraw as Counsel**

Mr. Ross moves to withdraw as counsel because: (1) his clients have been unable or unwilling to pay for past services and have not expressed a willingness to pay for future services; (2) for six months, his clients sought to retain substitute counsel but have failed to do so; (3) his clients have not been willing to fully cooperate with he and Mr. Porter during discovery or as needed to respond to 3M's motion to compel that was granted in November 2022; (4) his clients' lack of cooperation contributed to the Court's order levying monetary sanctions paid by Mr. Ross and Mr. Porter; (5) his clients were advised of Mr. Ross's and Mr. Porter's intent to withdraw as counsel following the failure to settle the case at mediation but have been unable to retain local counsel; (6) a copy of the motion to withdraw as counsel was provided to his clients; and (7) Mr. Ross plans to take at least a temporary leave from the practice of law for numerous reasons, including health.

The Court is sympathetic to Mr. Ross's stated reasons. Nonetheless, Mr. Ross admits that his involvement and labor on this case have been minimal and non-substantive. Dkt. 94, at 4. Given that all pretrial deadlines have passed and defendants have already filed responses to all pending pretrial motions, including 3M's summary judgment motion, his final obligations are to see the case through to its legal end and possibly to prepare for trial. By entering an appearance, "Local counsel agrees to sign all filings and to be prepared to handle the matter, *including the trial thereof*, in the event the [*pro hac vice*] applicant is unable to be present on any date

scheduled by the court, pursuant to LCR 83.1(d)." Dkt. 14 (certain italics and boldfacing omitted, emphasis added). Mr. Ross's withdrawal as counsel would possibly delay the trial and would definitely prejudice his clients, 3M, and the administration of justice in the same manner as Mr. Porter's withdrawal.

The Court **DENIES** Mr. Ross's motion to withdraw as counsel until the resolution of plaintiff 3M's pending motion for summary judgment. Dkt. 94. As with Mr. Porter, if plaintiff 3M's summary judgment motion is granted in-full, Mr. Ross will remain counsel-of-record until after final judgment and the time to appeal has expired. *See* LCR 83.2(b)(7); *see generally* Wash. RPC 3.4. If any part of defendants' case survives summary judgment, Mr. Ross will be afforded the opportunity to renew his motion to withdraw as counsel. In a renewed motion to withdraw, Mr. Ross should indicate whether his clients join in the motion and whether his clients intend to proceed with this matter unrepresented for any duration, even while attempting to associate new counsel, in which case he must also provide defendants' addresses and phone numbers. *See* LCR 83.2(b)(1). Alternatively, "[a] stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party." *Id.*

DATED this 9th day of February, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTIONS TO
WITHDRAW AS COUNSEL - 8