UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AIME LLC, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:20-cv-01096-TL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Defendants move for reconsideration of the Order Granting Plaintiff 3M's Motion for Discovery Sanctions ("Discovery Sanctions Order") (Dkt. 103). **Dkt. 108**. The Court requested (Dkt. 113) and received a response from 3M (Dkt. 114); defendants filed a reply (Dkt. 116). The Court strikes the following statements from the Discovery Sanctions Order:

- ", which may include spoliation of evidence" (Dkt. 103, at 1); and

- "Moreover, 3M credibly contends that newly produced documents may demonstrate spoliation of evidence and failure to mitigate, including photos taken on November 3, 2022, of defendants dumping raw materials related to their alleged manufacturing operation. Dkt. 97, at 7; Dkt. 98-3, at 1–3." (Dkt. 103, at 8).

Defendants have not demonstrated that the Order should be modified in any other manner. The Court therefore **DENIES** defendants' motion for reconsideration of the sanctions imposed: that defendants are precluded from presenting or relying on evidence produced after the November

23, 2022 discovery deadline; that 3M is entitled to an adverse inference against defendants related to any responses and materials that were not produced prior to the discovery deadline; and monetary sanctions against defendants' attorneys R. Gale Porter and Richard R. Ross for the $8,470 in costs and fees incurred by 3M in bringing its motion for contempt.[1] **Dkt. 108**; *see* Dkts. 103, 105.

Defendants have noted their intent to file with District Judge Tana Lin objections to the Discovery Sanctions Order. Dkt. 112. The Court therefore **ORDERS** defendants to file any objections to the Discovery Sanctions Order and this Order Denying Defendants' Motion for Reconsideration by **April 5, 2023**, to be noted for consideration on the same day as the filing date. LCR 72(a). Any objections shall not exceed 4,200 words in length and 3M shall not file a response unless requested to do so by Judge Lin. LCR 72. If no timely objections are filed, Mr. Porter and Mr. Ross shall pay the **$8,470** in monetary sanctions directly to 3M by **April 7, 2023**. Otherwise, if still obligated to do so, Mr. Porter and Mr. Ross shall pay the monetary sanctions **within three (3) days** of the district court's resolution of the objections.

## DISCUSSION

"Motions for reconsideration are disfavored." LCR 7(h)(1). Defendants have failed to demonstrate manifest error in the Discovery Sanctions Order or new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. *Id.* Aside from demonstrating that 3M's allegations of spoliation may be overstated, defendants' arguments

---

[1] Defendants did not object to the accounting of $8,470 of costs and fees incurred by 3M in bringing the motion for contempt by the February 24, 2023 deadline to do so, and earlier the parties stipulated to an extension of time to pay that fixed amount to 3M. *See* Dkts. 103, 106, 107.

ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION - 2

reinforce, highlight, or raise questions about defendants' improper conduct during the discovery process.

First, defendants argue that 3M mistakenly represented that defendants failed to produce materials recorded in their customer relations management ("CRM") software Microsoft Dynamics System because defendants configured the system to allow creating salesperson accounts without the capacity to actually record sales. Dkt. 108, at 3–5. This argument is unpersuasive for two reasons. One, it is undisputed that defendants failed to disclose the existence of a CRM system designed to manage client relations and the salesforce accounts, and failed to produce the document offered to verify its existence, prior to the discovery deadline. Second, defendant Mark Baciak flatly contradicts defendants' current assertions by testifying that defendants used Microsoft Dynamics to track "opportunities and sales. . . . So, when an opportunity would pop up, people would log it. They would see if it was open or closed. . . . From a sales perspective, obviously, we would have all the accounting for each of the different sales, who the product went to, commission calculations, all that good stuff." Dkt. 115-3, at 2. Mr. Baciak further noted that defendants used the Microsoft Dynamics System to track even the accounting side of the business. *Id.*

Second, defendants argue that 3M intentionally failed to note that photographs were produced in response to the second request for production rather than in response to the first request for production such that defendants did not truly violate an earlier court order compelling production. Dkt. 108, at 5–7; *see* Dkt. 62. This argument is unpersuasive. One, defendants' contention that "These photographs are non[-]responsive to any of 3M's prior discovery request[s]" is incorrect. 3M's first request for production asked for "all documents connected to your website: http://www.aimeusa.com/." Dkt. 57-2, at 9. In the photographer's declaration, she

ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION - 3

stated that she took the photographs in-question for "the AIMEUSA.COM website."[2] Dkt. 110, at 1. Two, even if the photographs were produced in response to the second request for production, they were produced over two months after the discovery deadline in violation of the scheduling order. *See* Dkt. 41.

Third, defendants assert the rejected argument that the subpoena was never requested and attach the subpoena for the first time to the motion for reconsideration. Dkt. 108, at 7–8; Dkt. 109-4; *see* Dkt. 103, at 5–7 It is only through semantic contortions that defendants assert that they were not obligated to produce—in response to the first request for "[a]ll documents related to any criminal and/or administrative investigations that you have been the subject of," Dkt. 57-2, at 9—a subpoena requesting all documentation regarding bank accounts, records, payments, and correspondence involving AIME, LLC and the kind of N-95 masks subject to this lawsuit because defendants could not conclude with certitude that they were the primary subjects of the investigation. *See* Dkt. 109-4, at 5–6.

Fourth, defendants contend that "[t]he most critical question raised by AIME in its Motion for Reconsideration has to do with the alleged destruction of raw materials used to make masks." Dkt. 116, at 5. In the Discovery Sanctions Order, the Court noted that 3M had credibly contended that newly produced documents, such as the website photographs, "may demonstrate spoliation of evidence and failure to mitigate." Dkt. 103, at 8. While acknowledging 3M's point that defendants' counterclaims for damages put the question of subsequent manufacturing and materials at issue, the Court is persuaded that defendants have not been evasive in their discovery

---

[2] Defendants state that the photographs "were never used on the AIME, LLC website (as 3M simply presumes)." Dkt. 116, at 5. Such a presumption was not unwarranted given the photographer stated that the photographs were taken for use on the website and were saved to a folder entitled, "Website Photos (Edited)." Dkt. 110, at 1–2.

ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION - 4

responses about the provenance, purchase, and disposal of the raw materials at issue in the photographs. *See* Dkt. 108, at 10; *see also* Dkt. 98-3, at 1–3. As set forth earlier, the Court strikes its references to possible spoliation of evidence in the Discovery Sanctions Order. *See* Dkt. 103, at 1, 8.

Fifth, the Court rejects defendants' puzzling assertion that their late responses to the second set of interrogatories and request for production—provided on January 30, 2023, i.e., over two months after the discovery deadline of November 23, 2022, and only in response to motions for contempt and for summary judgment—were excused by the necessity of short-term "lead counsel" David Dickey reaching a full understanding of the issues. Dkt. 116, at 2. Mr. Dickey was on the record as counsel for defendants for 10 days, between January 20, 2023 and January 30, 2023, and the only motions he filed were requests for extensions of time to respond to motions filed over a week before he officially appeared. *See* Dkts. 83, 84, 85, 86. Meanwhile, Mr. Porter and Mr. Ross have served as counsel on this matter since September 2020. Contrary to defendants' assertion, employing a new lead counsel months after the discovery deadline, and then blaming that event for the failure to timely respond to discovery requests, demonstrates neglect or obfuscation. *See* Dkt. 116, at 2.

## CONCLUSION

The Court **DENIES** defendants' motion for reconsideration of the Discovery Sanctions Order (Dkt. 103), removes certain statements from the Discovery Sanctions Order, orders defendants to file any objections to the Discovery Sanctions Order and this order denying reconsideration by April 5, 2023, and orders Mr. Porter and Mr. Ross to pay monetary sanctions directly to 3M on the schedule set forth earlier. **Dkt. 108**. The Court exercises its discretion to

reject 3M's request for monetary sanctions for the costs and fees incurred in responding to the motion for reconsideration.

DATED this 22nd day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge