UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3M COMPANY,<br><br>               Plaintiff,<br><br>    v.<br><br>AIME LLC, et al.,<br><br>               Defendants. | CASE NO. 2:20-cv-01096-TL<br><br>**ORDER STRIKING THE NOTICE OF WITHDRAWAL OF LEAD COUNSEL** |

Defendants' lead counsel R. Gale Porter, a Florida attorney admitted to practice in the Western District of Washington pro hac vice, filed a notice of withdrawal as counsel, purportedly in accordance with LCR 83.2(3). Dkt. 120. The Court **STRIKES** Mr. Porter's notice of withdrawal as counsel and **DIRECTS** the Clerk to reinstate Mr. Porter as lead counsel of record. **Dkt. 120**. Mr. Porter must seek leave of the Court to withdraw as counsel and may do so only after he has paid the monetary sanctions that are currently subject to objections, 3M's summary judgment motion has been resolved, and Mr. Porter has either obtained substitute lead counsel, or he can file a signed declaration from local counsel Richard D. Ross that Mr. Ross has agreed to remain as sole, lead counsel in this matter, or he can otherwise satisfy the Court that his clients' interests are being protected.

The parties are well-acquainted with the many discovery abuses Mr. Porter has

ORDER STRIKING THE NOTICE OF
WITHDRAWAL OF LEAD COUNSEL - 1

committed as lead counsel for which he has been repeatedly sanctioned. Earlier the Court denied Mr. Porter's and Mr. Ross's simultaneous motions to withdraw as counsel with leave to renew those motions after the resolution of 3M's pending motion for summary judgment. Dkt. 102. The Court has ordered Mr. Porter and Mr. Ross to pay $8,470 of monetary sanctions, and those sanctions (among others) are currently subject to objections. *See* Dkts. 103, 112, 118. It is in that context that Mr. Porter attempts to use LCR 83.2(3) to file notice of withdrawal of counsel without seeking leave of the Court.

LCR 83.2(3) permits withdrawal as counsel without seeking leave of the Court where a client is represented by multiple attorneys, the client will not be left without representation, and the withdrawing and remaining attorneys sign the notice of withdrawal affirming these facts. LCR 83.2(3) does not contemplate or encompass the circumstances presented here: (1) lead counsel Mr. Porter is appearing pro hac vice and the sole remaining attorney would be local counsel, whose duties are to attest "that he or she is authorized and will be prepared to handle the matter in the event the applicant is unable to be present on any date scheduled by the court," LCR 83.1(d)(2); *see* Dkt 11, at 4 (same); (2) lead counsel purports to sign on behalf of local counsel and to file a document officially for the first time in three years even though "local counsel must review and sign all motions and other filings, ensure that all filings comply with all local rules of this court, and remind pro hac vice counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court," LCR 83.1(d)(2); (3) local counsel has made abundantly clear that he has no intention of continuing to represent the client and does not intend to be sole counsel in this matter, Dkt. 95; and (4) Mr. Porter has not yet paid pending monetary sanctions for which he remains personally liable. Put simply, lead counsel Mr. Porter's attempt to withdraw as counsel at this time without

seeking leave to do so appears to be unscrupulous, unprofessional, and unsanctioned by local counsel.

The Court therefore **STRIKES** Mr. Porter's notice of withdrawal as counsel. **Dkt. 120**. The Court **DIRECTS** the Clerk to restore Mr. Porter as lead counsel of record and to reject any attempts by Mr. Porter to file notice of withdrawal as counsel without seeking leave from the Court.

DATED this 28th day of March, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER STRIKING THE NOTICE OF
WITHDRAWAL OF LEAD COUNSEL - 3